TOM SPEARS V. THE STATE.

No. 9188.   Delivered October 28, 1925.

Rehearing denied February 24, 1926.

**1.—Theft, a Misdemeanor—Peremptory Instruction—Properly Refused.**

Where, on a trial for misdemeanor theft, the evidence of the State, if true, warranting the conviction of appellant, the court properly refused a peremptory instruction to acquit.

**2.—Same—Evidence—Identification of Property—Held Sufficient.**

Where, on a trial for the theft of an automobile casing, the owner testified that the casing produced on the trial was the one stolen from his car, and identified it by certain cuts that were found on the casing which he testified were made by mud chains, such identification, in the light of other evidence adduced on the trial, was sufficient.

**3.—Same—Misconduct of Jury—Not Established.**

Where appellant asked for a new trial on the ground of misconduct of the jury and on the hearing of his motion he introduced but one

of the jurors, who failed to testify to anything that could be regarded as improper under any rule announced by any decision of this court, such motion was properly overruled.

**4.—Same—Charge of Court—Circumstantial Evidence—Requested Charge—Properly Refused.**

Where the court has correctly charged the jury on the law of circumstantial evidence, following approved forms, there was no error in refusing appellant's requested charge on the same matter, which did not correctly present the law of circumstantial evidence as it is recognized by this court.

ON REHEARING

**5.—Same.—Charge of Court—On Recent Possession—Held Correct.**

Where the evidence raised the issue, and the court charged the law on the recent possession of stolen property, following the form laid down by Judge Henderson in the case of Wheeler v. State, 34 Tex. Crim. Rep. 350, such charge is approved. Distinguishing Cagle v. State, 106 S. W. 356. No error being disclosed in the motion for rehearing, it is overruled.

APPLICATION TO FILE SECOND MOTION FOR REHEARING.

**6.—Same—Charge of Court—On Recent Possession and Explanation—Rule Stated.**

The charge given by the learned trial judge in the present instance, on the law of the recent possession and explanation of the possession of stolen property, is a literal copy of the charge laid down as correct in Wheeler v. State, 34 Tex. Crim. Rep. 350, 30 S. W. 913. That charge has been approved in Grande v. State, 37 Tex. Crim. Rep. 51; Moore v. State, 33 S. W. 980, and other cases cited, and many other cases listed in Sheppard's Texas and S. W. Citations, approving the charge in the Wheeler case.

**7.—Same—Continued.**

In the Hunt case, 89 Tex. Crim. Rep. 89, 229 S. W. 869, we called attention to the suggestion made by Judge Davidson in Roberts v. State (supra), which was to the effect that when a claimed purchase of stolen property was the defense, a proper charge on that issue was sufficient, and much simpler than a charge upon explanation of possession of recently stolen property. For the benefit of trial judges, we again direct attention to the subject. Appellant's motion for permission to file a second motion for rehearing is denied.

Appeal from the County Court of Hill County. Tried below before the Hon. W. L. Wray, Judge.

Appeal from a conviction of a misdemeanor theft, penalty one hundred and eighty days in the County Jail.

The opinion states the case.

*Morrow & Stollenwirck* of Hillsboro, for appellant.

*Sam D. Stinson,* State's Attorney and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the county court of Hill County for the offense of theft of property under the value of $50.00 and his punishment assessed at confinement in the county jail for a term of one hundred and eighty days.

The facts show that M. L. Gray, the alleged injured party, on the 23rd of February, 1924, had an accident near Aquilla, and left his car by the side of the road on Sunday afternoon. That at the time he left the car it had four automobile casings on it and when he came back Monday morning, one of the rear casings had been taken off. The missing casing was a 30x32 Goodyear Cord Casing with a grey United States tube; it was an oversize casing. This witness further testified that he found this casing on a Ford roadster belonging to the defendant in the town of Hillsboro. The appellant testified that the casing which was in court and which was identified by Gray as being the one he lost was secured by him by purchase from a Bohemian on the Sunday night, the 23rd day of February, 1924. This is a sufficient statement of the facts.

By bill of exceptions No. 1, appellant complains at the court's action in refusing to instruct a verdict of not guilty. This complaint is without merit. The State's testimony if believed was sufficient to warrant a conviction. The testimony of the appellant was sufficient to account for his possession of the stolen casing in a manner consistent with his innocence. The issue thus presented was one for the jury and under the facts contained in this record, this court will not disturb the verdict rendered.

By bill of exceptions No. 2, appellant complains that the identification of the casing alleged to have been stolen was insufficient in that the testimony shows that the casing contained a number, 32296, which could be easily read and in view of the fact tha tthe prosecuting witness was not able to say that this was the factory number of the casing lost by him and in view of the further fact that he did not produce the dealer from whom he had bought the casing, that he should not have been permitted to testify as to the identity of the casing lost with the one found in the possession of the defendant. In other words, it is appellant's contention that the State witness did not sufficiently identify the stolen casing, and that it was really in his power to definitely identify it by the number that was on it and that in the absence of his identifying it by the number, he was not entitled to resort to

other means. of identification. We cannot agree with appellant's contention in this respect. The witness repeatedly stated it was his casing and also stated that he identified it by certain cuts that were found on the casing, claiming that same were made by mud chains. Appellant's objection as stated above would go to the weight and credibility of this testimony and not to its admissibility.

Bill of exceptions No. 3, seeks to raise the question of misconduct of the jury. He introduced but one of the jurors by whom he sought to show misconduct and this juror failed to testify to anything that could be regarded as improper under any rule announced in any of the decisions of this court.

The court gave a charge on circumstantial evidence, and by special charge No. 2 appellant requested the court to give a charge on circumstantial evidence in the identical language that was given but in addition thereto requested the court to also state in said charge the following:

"Unless you believe that the evidence on behalf of the State has measured up to the foregoing requirements, and unless you believe that every reasonable theory of the appellant's possession of the casing in question other than his guilty possession thereof has been excluded by the State's evidence beyond a reasonable doubt, you will find the defendant not guilty." We think the court was not in error in refusing to give this additional instruction. We think the requested charge was more onerous than the law places on the State, in at least two particulars; first, in requiring the jury to acquit unless every reasonable theory of the defendant had been excluded by the State's testimony and second in requiring the jury to acquit unless every reasonable theory of the defendant's possession of the casing in question other than his guilty possession thereof had been excluded by the State's evidence. We take it that it is a well known rule in this State that the jury may look to all of the evidence in the case—that offered by the appellant as well as that offered by the State in determining whether the party on trial be guilty of the offense charged.

Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

BERRY, JUDGE.—Appellant complains in his motion for rehearing at our failure to pass on the objection raised to the court's charge on recent possession of stolen property and cites the case of Cagle v. State, 106 S. W. 356, as supporting his contention. We have carefully examined appellant's motion and cases cited by him and are of the opinion that the charge as given was correct. We think a careful examination of the charge in the Cagle case, supra, will disclose that it was materially different from the charge given in the instant case. The charge in the instant case is in accord with the form laid down by Judge Henderson in the case of Wheeler v. State, 34 Tex. Crim. Rep. 350.

Neither can we sustain appellant's contention that the court was in error in giving any charge on recent possession. We think the evidence clearly raised this issue and the court was correct in submitting it.

Believing that the case has been correctly disposed of, appellant's motion for rehearing is in all things overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### APPPLICATION TO FILE SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant requests leave to file a second motion for rehearing, still insisting we are in error in approving the charge given on the explanation of possession of recently stolen property. The charge condemned in Cagle's case (52 Tex. Cr. R. 307, 106 S. W. 356) required the explanation to "account for defendant's innocence," and such was the effect of the charges in the other authorities cited by appellant. The charge given by the learned trial judge in the present instance is a literal copy of the charge laid down as correct in Wheeler v. State, 34 Tex. Cr. R. 350, 30 S. W. 913. That charge has been approved in Grande v. State, 37 Tex. Cr. R. 51, 38 S. W. 613; Moore v. State, 33 S. W. 980; Wright vs. State, 35 Tex. Cr. R. 470, 34 S. W. 273; Wilson v. State, Tex. Cr. R., 34 S. W. 284; Roberts v. State, 60 Tex. Cr. R. 20, 129 S. W. 611, and some fifty other cases will be found listed in Sheppard's Texas and S. W. Reporter Citations where-

in the charge in Wheeler's case is approved, the last being Hunt v. State, 89 Tex. Cr. R. 89, 229 S. W. 869. In the last case we called attention to the suggestion made by Judge Davidson in Roberts v. State (*supra*) which was to the effect that when a claimed purchase of stolen property was the defense a proper charge upon that issue was sufficient and much simpler than a charge upon explanation of possession of recently stolen property. For the benefit of the trial judges we again direct attention to the subject.

Being convinced that our former opinions properly disposed of the case, permission to file a second motion for rehearing is denied.

*Application denied.*