Ollie B. ROBINSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 42363.

Court of Criminal Appeals of Texas.

Dec. 10, 1969.

Donald D. Koons, Neal Wheeler, Dallas, for appellant.

Henry Wade, Dist. Atty., John Tolle, Malcolm Dade, Joe K. Hendley, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, 12 years.

The appellant Robinson and his co-defendant, Robert Lee Johnson, were separately indicted for the same offense of burglary, but each was convicted at a joint trial. This appeal is that of the appellant Robinson alone. As to the companion case, see Johnson v. State, Tex.Cr.App., 449 S.W.2d 237, this day decided.

At the outset the appellant contends the trial court erred in refusing to grant his motion for severance.

In said motion he alleged that the co-defendant Johnson had a prior felony conviction and facts concerning Johnson's participation in the alleged offense would prove harmful to him; that his defense would be inconsistent with that of his co-defendant and a joint trial would be prejudicial to him.

No evidence was offered in support of such motion filed on the day the trial commenced. At the time the motion was presented and refused there was no showing that the trial court was apprised of the nature of the prior felony conviction referred to in the motion or of the alleged inconsistent defenses. No prior convictions were alleged for enhancement against Johnson. There was a prior conviction for burglary alleged for enhancement against the appellant Robinson, but it was abandoned by the State prior to trial.

Article 36.09, Vernon's Ann.C.C.P., provides as follows:

"Two or more defendants who are jointly or separately indicted or complained against for the same offense or an offense growing out of the same transaction may be, in the discretion of the court, tried jointly or separately as to one or more defendants; provided that in any event either defendant may testify for the other or on behalf of the State; and provided further, that in cases in which, upon timely motion to sever, and evidence introduced thereon, it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant for any reason, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants."

Under this statute severance is no longer a matter of right but rests within the sound discretion of the trial judge. Sonderup v. State, Tex.Cr.App., 418 S.W.2d 807. In the absence of a motion for severance or showing of prejudice there is no error in consolidating the trial of two or more defendants. Beeson v. State, Tex.Cr. App., 422 S.W.2d 726.

Even if it can be argued that appellant's motion was timely presented,[1] no evidence was offered in support thereof as expressly required by Article 36.09, supra, and for this reason alone no error is presented.

Nevertheless, appellant urges that when two co-defendants are tried together, each having admissible prior convictions, it is incumbent upon the trial court to order a severance.

As we interpret Article 36.09, supra, the mandatory ground for severance that one defendant has "a previous admissible conviction" against him is applicable

---

1. See Jackson v. State, Tex.Cr.App., 439 S.W.2d 843.

only where one defendant has no prior criminal record or at least no prior admissible conviction and the co-defendant has a prior conviction or convictions which are admissible. At either stage of the bifurcated trial, if the defendants all have prior admissible convictions, the ground for severance must be based on the fact that "a joint trial would be prejudicial" as a result thereof, i. e., the nature of the prior convictions against one defendant, the large number of such convictions admissible against one defendant as compared to those admissible against the other defendant, etc. Such ground for severance, however, is addressed to the sound discretion of the trial judge.

The State's evidence reflects that police officers apprehended the appellant, co-defendant Johnson and an eleven year old juvenile inside the burglarized service station around 2:15 a. m.

■ At the close of the evidence at the guilt stage of the proceedings, the appellant Robinson re-urged his original motion for a severance pointing out that the co-defendant Johnson had testified at that stage of the trial and had admitted his prior convictions (for burglary and destruction of private property); that while Johnson testified as to alibi he implicated the appellant in certain other undesirable activities such as drinking on the date in question; that appellant did not testify or offer evidence and no proof of any prior convictions was offered against him. He asked the court to declare a mistrial. Certainly the re-urging of the severance motion was not timely, and in light of the entire record, including appellant's reliance upon Johnson's testimony to establish an alibi for himself and the lack of inconsistent defenses, we cannot conclude the court erred in overruling the motion for mistrial. Further, we note that the trial court limited the evidence as to Johnson's prior convictions to the issue of his credibility as a witness in his own behalf.

At the penalty stage of the proceedings appellant's own two prior convictions for burglary were admitted into evidence before the jury.

Ground of error #1 is overruled.

■ Next, appellant complains of the prosecutor's jury argument at the guilt stage of the proceedings. While discussing the facts of the alleged burglary and the apprehension of the appellant, his companion and a juvenile inside the burglarized building, the assistant district attorney stated:

"And I submit to you that it is a reasonable deduction from the evidence that these two accomplished thieves in there and knowing what they're doing * * "

Appellant's objection that there was no evidence to show that he was an accomplished thief was promptly sustained. No request for a jury instruction to disregard such argument was made. The motion for mistrial was overruled.

It is obvious from reading the record that the prosecutor had reference to the technique used in the alleged offense and not to the prior criminal record of the appellant or Johnson.

After the complained of instance the prosecutor argued without objection that when the officers discovered a burglary in progress the appellant and Johnson had used the juvenile as decoy to distract the police while they hid inside the burglarized building. Such argument was supported by the record.

We perceive no error in the court's failure to grant a mistrial.

Ground of error #2 is overruled.

Lastly, appellant contends that at the penalty stage of the trial a proper predicate was not laid for the introduction into evidence of State's Exhibit No. 12 (a fingerprint card from the sheriff's office taken in connection with one of appellant's prior convictions—Cause No. E–2618–HK in the

Criminal District Court No. 4 of Dallas County) and that State's Exhibit No. 14 (a certified copy of the judgment in said Cause No. E–2618–HK) was improperly admitted since it had not been signed by the judge.

 The testimony of the witness Gunn, custodian of the records of the sheriff's office, was clearly sufficient to authorize the introduction of State's Exhibit No. 12. As to the State's Exhibit No. 14, it appears the trial judge signed the judgment following the objection thereto, the prior conviction having occurred in the same court as the case at bar. Even though the judgment was not signed, the certificate of the district clerk thereto was sufficient to authorize its admission into evidence. Moye v. State, 153 Tex.Cr.App. 449, 220 S.W.2d 651.

The judgment is affirmed.