Robert Lee JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 42361.

Court of Criminal Appeals of Texas.

Dec. 10, 1969.

Rehearing Denied Feb. 11, 1970.

**238**

Irwin & Scales by R. T. Scales, Neal Wheeler, Dallas, for appellant.

Henry Wade, .Dist. Atty., John Tolle, Joe K. Hendley, Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, ten years.

This is a companion case to Robinson v. State, Tex.Cr.App., 449 S.W.2d 239, this day decided.

Appellant and his co-defendant Ollie B. Robinson were separately indicted for the same offense but were tried and convicted in a joint trial.

The sole ground of error upon which appellant relies for reversal is the trial court's refusal to grant his motion for severance.

In his pre-trial motion for severance filed a month prior to trial, appellant alleged that co-defendant Robinson had a prior criminal record; that a prior conviction had been alleged for enhancement in the separate indictment presented against Robinson; that the prior admissible criminal record of the co-defendant would affect the "tactical procedure of the trial" and affect his decision as to whether to testify in his own behalf.

No evidence was offered in support of the motion. Other than the reference to the enhancement portion of the Robinson indictment, there were no allegations of what Robinson's criminal record consisted. Prior to trial the enhancement portion of Robinson's indictment was dismissed and the jury was not informed of such prior conviction at the guilt stage of the trial. Appellant testified in his own behalf and admitted his prior convictions for burglary and destruction of private property. Robinson did not testify and no portion of his prior criminal record was offered at the guilt stage of the trial.

As pointed out in Robinson v. State, supra, no error is reflected in the absence of evidence offered in support of the motion at the time it was presented and overruled. See Article 36.09, Vernon's Ann.C.C.P. Further, a mandatory severance is not required under such statute where both or all the co-defendants at a joint trial have prior convictions admissible at either stage of the bifurcated trial. Under such circumstances, and if there is evidence to support the same, the matter of severance is addressed to the sound discretion of the trial court. Robinson v. State, supra.

In the case at bar, appellant re-urged his motion for severance at the close of the evidence at the guilt stage of the proceedings. He did not move, as did Robinson, for a mistrial. Such motion was clearly not timely presented and we perceive no error in the court's refusal to grant severance at that stage of the joint trial.

At the penalty stage of the trial evidence as to appellant's prior convictions for burglary and for the misdemeanor offense of destruction of private property, which he had earlier admitted, was offered. Robinson's two prior burglary convictions were also proved. The jury assessed appellant's punishment at 10 years and Robinson's at 12 years. We fail to find any showing of prejudice to the appellant resulting from the joint trial.

The judgment is affirmed.