Linner Lee YOUNGER and William Lewis, Appellants,

v.

The STATE of Texas, Appellee.

No. 42932.

Court of Criminal Appeals of Texas.

June 17, 1970.

Rehearing Denied Aug. 21, 1970.

Tom Upchurch, Jr., Amarillo, for appellant.

Jerry R. Tucker, Dist. Atty., Dumas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The appellants were jointly indicted and tried for the offense of robbery by assault, and each was sentenced to twenty-five years in the Texas Department of Corrections. The motion for severance of James Hodge, who was jointly indicted along with the appellants, was granted.

Appellants' grounds of error numbers one, three, and six challenge the sufficiency of the evidence.

The testimony of David Broadwell reveals that on August 19, 1968 in Hereford, Broadwell was approached by two persons, one of whom he identified as the appellant, Linner Lee Younger. While testifying, Younger identified the other person as James Felton Hodge. As Broadwell parked his automobile near a bank, Hodge came up to ask him about an address. Younger at that time walked past, and Hodge asked Younger if he knew the location of the address. Broadwell, Younger and Hodge left in Broadwell's car to go to the "east part of town." About that time Hodge flashed a roll of money which he said was $12,000 that he had inherited from his grandfather in Mississippi and that he could not read or write and was afraid to put it in the bank. Broadwell then stated that he was a licensed security investor and offered to invest the money for him. At Hodge's suggestion to make him (Hodge) feel safe, Broadwell drew $12,000 from the bank to match the other money. Broadwell, Younger and Hodge at Hodge's request drove to the house of a preacher, the Reverend Allen, on Maple Street for Allen to verify that it was a legitimate deal. When they got to the house, Hodge stated he knew another preacher farther down the street, and at that time Broadwell "got suspicious" and decided to get his money and go. The money had been rolled in a handkerchief and placed in the trunk of Broadwell's car which was then locked and Broadwell kept the key. While they were at the rear of the car, both Younger and Hodge grabbed Broadwell, and after a brief scuffle, they took the money away from Broadwell and ran away with it. In the scuffle, the backs of Broadwell's hands were skinned and were bleeding.

Ethel Daniel who lived at 400 Maple Street in Hereford, Texas testified that she saw the appellant, Lewis, in front of her house parked in a white Buick or Oldsmobile. Daniel could not remember the date but said it was in the summer.

Joseph Roddy testified that on August 19, 1968 at 400 Maple Street in Hereford, Texas he saw three men, one of whom he identified as the appellant, Younger, standing at the back of a black car. While two of the men were pushing against one another, Younger went around to the right side of the car, got something out of the car, pulled down his hat, and ran, and another man "tore out behind him." The third man started after them, turned around and went back to his car where he pulled the trunk lid down, got in his car and took off behind them down Maple Street, and when he got to Highway 60, he went on towards Amarillo.

Reverend C. W. Allen, who lived at 400 Maple Street in Hereford, testified that on August 19, 1968 he saw Broadwell with two men in Broadwell's black Continental automobile in the area of his residence. They appeared to be in the car having a conversation and were there for around 15 minutes.

Deputy Sheriff Tucker testified that on August 19, 1968 David Broadwell told him that he had been robbed and gave him a description of the people Broadwell said robbed him. Broadwell was very upset and nervous and his hand was bleeding and blood was running on the floor and his other hand was bruised. Tucker further testified that under his supervision a general description of the car and the persons who committed the offense was broadcast by the dispatcher, and that he had received a description of the car involved from Ethel Daniel.

Walter L. Miller, a policeman in Amarillo, Texas testified that on August 19, 1968 he received a bulletin to watch for a 1963 or 1964 white Buick that was occupied by three colored males and was advised that a robbery had taken place at about 1:30 p.m. on August 19, 1968 and about 2:10 p.m. at the corner of Amarillo Boulevard and McMasters, he saw such a car. When he

approached the car from the rear and exhibited his red light, the vehicle began accelerating and turned down an alley. The acceleration was to approximately 40 miles per hour down this alley where the speed limit was 15 miles per hour. The car turned out of the alley and turned down several streets finally stopping after it had traveled one block and Miller had used his siren. In his testimony Miller characterized the sequence of events in the stopping of the appellants as a "chase."

Miller further testified that when he stopped the appellants, he immediately arrested them, had them get out of the automobile and searched them for weapons. Two of the three occupants got out of the car readily, but the passenger in the right front seat had to be told three times to get out, and he was observed bending forward as if to put something under the seat. After Miller had searched the passengers, he looked under the right front seat of the automobile where he found a large amount of money wrapped in a handkerchief. When Miller returned to the police station, he counted the money and found most of the bills were in denominations of $100.00 in packages of 10 with a total of 12 packages. In addition there was $350.00 in loose bills, three $100.00 bills and 50 $1.00 bills.

Appellant Lewis did not testify, but the appellant Younger testified that on the day in question he and Hodge had approached Broadwell looking for a "pidgeon" and had showed him a roll which Younger told Broadwell contained $12,000 but it actually contained only $220.00. They then engaged Broadwell in a game of three card monte and then they got Broadwell to draw $12,000 out of the bank. The three wrapped the money in a handkerchief to put it in the trunk of Broadwell's car, but instead of the money going into the trunk, Younger substituted another white handkerchief filled with paper. They then rode over to Maple Street where Broadwell asked to see his money. Younger testified that at that time he walked off and drove to Ama-

rillo and did not scuffle, assault, or touch Broadwell. Younger also testified that at this time Lewis was parked on Maple Street.

Younger further testified that he and Hodge had paid the appellant Lewis to drive them to Hereford, to wait for them and to drive them back and that Lewis knew nothing about what they were doing.

In its charge the court instructed the jury as to the law pertaining to principals.

■ The jury trying the case is authorized to accept or reject any or all the testimony of any witness. They may look to all the evidence in the case, that offered by the state as well as that offered by the appellant, in determining the facts and issues in the case. 24 Tex.Jur.2d 395, Sec. 725; Spears v. State, 103 Tex.Cr.R. 474, 281 S.W. 555; Lopez v. State, 172 Tex.Cr.R. 317, 356 S.W.2d 674; Wright v. State, Tex.Cr.App., 437 S.W.2d 566.

■ The evidence is sufficient to show venue and to authorize the jury to find that the appellants were acting together as principals at the time of the offense.

The evidence is sufficient to sustain the conviction.

The appellants' grounds of error are overruled.

■ Ground of error number two complains that the trial court erred in denying the appellant Younger's motion to dismiss the indictment for changing his name from Leonard Lee Younger as alleged to Linner Lee Younger without referring the matter to the grand jury.

The record reflects that at arraignment the appellant informed the court of the correct spelling of his name and the court ordered that indictment be corrected to show the correct spelling. This was authorized under Articles 26.07 and 26.08, Vernon's Ann.C.C.P. The appellant's second ground of error is overruled.

■ Next, the appellants contend that the court erred in granting the state's motion for continuance after the trial had begun March 4, 1969, as the state failed to show due diligence in securing an absent witness.

Article 29.13, V.A.C.C.P., provides:

"A continuance or postponement may be granted on the motion of the State or defendant after the trial has begun, when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had."

The record reflects that the court granted a continuance or recess of two days after hearing testimony that Officer Walter Miller was in bed with infectious hepatitis, that he was the only officer who could testify to the stopping and the arrest of the appellants, that this testimony was necessary to the state's case, and that the state had been taken by surprise.

The record further reflects that the trial was postponed on December 9, 1968 and January 27, 1969 at the appellant's request, and was set for March 3, 1969 and that Officer Miller who was present on January 27th requested that he be notified on the day that the case actually went to trial. No error is reflected in granting a two day recess or continuance in order that the state could secure the testimony of Miller. The appellants' fourth ground of error is overruled.

■ The appellants' ground of error number five complains of the trial court's overruling their motions for severance in that the severance was properly sought, unopposed, and should have been granted as a matter of right.

The record reflects that the court granted the motion of co-indictee Hodge for severance but overruled the motions of Younger and Lewis. In the absence of a showing that a co-defendant has an admissible prior conviction while the person seeking severance does not, the severance rests within the sound discretion of the trial court. Article 36.09, V.A.C.C.P.; Sonderup v. State, Tex.Cr.App., 418 S.W.2d 807; Johnson v. State, Tex.Cr.App., 449 S.W.2d 237; Robinson v. State, Tex.Cr.App., 449 S.W.2d 239; Thornton v. State, Tex.Cr.App., 451 S.W.2d 898. The record does not show an abuse of the trial court's discretion in overruling the motions of Lewis and Younger to sever.

■ The purported ground of error number seven which contends, "Appellant's motion for a new trial was based on the abundant errors committed by the trial court" does not constitute a ground of error under Article 40.09, V.A.C.C.P., and is not therefore considered.

Next, the appellants complain that the trial court erred in denying their second motion for new trial because of the newly discovered evidence which consisted of the testimony of Zula Mae Blakely.

The appellants' second motion for new trial does not appear in the transcript. However, we have considered the appellants' ground in light of the contentions in the appellants' brief and the transcript of the testimony at the hearing on the appellants' second motion for new trial and conclude that no error is shown. Appellants' ground of error number eight is overruled.

■ Appellants' ninth ground of error is as follows, "The trial court erred in overruling appellant's objections to hearsay evidence; allowing the admission of various color photographs which inflamed the jury against the appellants; and in allowing evidence about the chase leading to the capture of the appellants."

This ground of error does not properly meet the requirement of Article 40.09, Sec. 9, supra, that "This (defendant's) brief shall set forth separately each ground of error of which defendant desires to complain on appeal"; however, this court will review the allegations of error raised.

■ First, appellants contend that testimony of Officer Miller as to the "police radio broadcast" he received before he arrested the appellants was inadmissible as hearsay. The record reveals that substantially the same testimony as that complained of was admitted in evidence without objection. The admission of this testimony does not call for reversal of this case.

■ Next, the appellants contend that the pictures of Broadwell's hands introduced by the state were inflammatory and in no way illustrated any material fact in the case other than to prejudice the jury. The introduction of these pictures was material to the issue of whether there had been an assault on Broadwell. Younger testified that he never touched or assaulted Broadwell. The photographs have been examined and considered in the light of the evidence in the case, and it is concluded that no reversible error is shown. Pitcock v. State, Tex.Cr.App., 420 S.W.2d 719; Pait v. State, Tex.Cr.App., 433 S.W.2d 702.

■ Finally, the appellants contend that the testimony of Officer Miller as to the details of the chase was irrelevant and prejudicial to their case. The testimony of Younger was to the effect that the driver of the automobile, Lewis, was paid to drive Hodge and him to and from Hereford and that Lewis had no knowledge of what they were doing. The details of the chase were admissible both as res gestae of offense and to connect Lewis with the offense. 23 Tex.Jur.2d, Sections 196 and 197, p. 302.

■ Appellants in their ground of error number ten complain that the trial court erred in allowing evidence of the arrest and the subsequent search and seizure of the appellants' automobile.

The testimony of Officer Miller as set out in considering ground of error number one sufficiently shows that Miller had probable cause to authorize the arrest of the appellants without a warrant and upon their arrest to authorize the search of their automobile. Article 14.04, V.A.C.C.P.; Houston v. State, Tex.Cr.App., 428 S.W.2d 353.

Appellants' tenth ground of error is overruled.

The judgment is affirmed.