**Margarette Juanette BOLDING, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45819.**

Court of Criminal Appeals of Texas.

March 21, 1973.

Rehearing Denied May 1, 1973.

John M. Anderson, Jake Cook, Fort Worth, for appellant.

Doug Crouch, Dist Atty., Wayne E. Roberts and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction of robbery by firearms.

This is a companion case to Harley Porter Bolding v. State, Tex.Cr.App., 49ɔ S. W.2d 181 (1973), the defendant therein being the husband of appellant in the instant case. After being jointly tried, the punishment of each was set at twenty-five years.

At the outset, appellant contends that the trial court erred in denying her motion for severance.

Appellant's motion for severance alleged that much of the evidence to be presented in the case of her husband would not be admissible in her case if tried alone, and that there would be matters relative to punishment which would be different in each case.

In her brief on appeal, appellant urges that she had a right to testify as a witness under Article 1, Section 10, of the Texas Constitution, Vernon's Ann.St., and that her husband had a right to object to her testifying against him under Article 38.11, Vernon's Ann.C.C.P.

No testimony was presented in behalf of the motion. Appellant urges that a conflict of interest existed as a matter of law.

■ Article 36.09, V.A.C.C.P., providing for severance of two or more defendants, makes severance discretionary with the trial court unless one defendant has an admissible prior conviction while the other person seeking the severance does not. Dawson v. State, Tex.Cr.App., 477 S.W.2d 277; Holbert v. State, Tex.Cr.App., 457 S. W.2d 286; Younger v. State, Tex.Cr.App., 457 S.W.2d 67; Robinson v. State, Tex. Cr.App., 449 S.W.2d 239; Sonderup v. State, Tex.Cr.App., 418 S.W.2d 807.

In Robinson v. State, supra, this Court held where no evidence was offered in support of motion for severance as required by Article 36.09, no error is shown in rejecting same. Johnson v. State, Tex. Cr.App., 449 S.W.2d 237; Thornton v. State, Tex.Cr.App., 451 S.W.2d 898.

■ Nothing was offered in support of appellant's motion to show that she and her husband had inconsistent defenses, nor was any showing made as to how appellant would be prejudiced at the punishment stage of the trial in the event that a severance was not granted.

No error is shown in the court's refusal to grant appellant's motion for severance.

■ Appellant contends the court erred in failing to grant her motion for a directed verdict of not guilty in that there was insufficient evidence to support a conviction.

The thrust of appellant's contention is that there is insufficient evidence to corroborate the testimony of the accomplice witness, Gerald Van Slyke.

The testimony of Slyke traced the robbery from its planning stage through its completion and his decision to return to Houston.

According to Slyke, appellant was present during the planning of the robbery.

The Saturday morning the robbery was to take place, appellant and her husband went and looked at the jewelry store where the robbery was to be staged. Slyke testified that after David Morehead, Bill Cain, Avera Steele, appellant and her husband had all locked at the store, they met and decided to wait until Monday to stage the robbery. On Monday morning, January 18, 1971, Morehead, Cain, Steele, Slyke, appellant and her husband met at a restaurant near the jewelry store. In accordance with plans, Slyke and Morehead entered the jewelry store, Morehead asked to see rings and Slyke looked at watches. When a tray of rings was shown Morehead, he pulled a gun and said he would take all of them. Slyke went to the safe from which the rings were removed and held a gun on a woman employee and started emptying the contents of the safe in accordance with instructions given him by appellant's husband. The arms and legs of the man and woman operating the store were taped. As previously planned, upon leaving the jewelry store, Slyke went to a car driven by Cain, who drove Slyke three or four blocks where he was let out. Slyke got in a car with appellant and her husband and laid on the floorboard. Appellant asked Slyke if he got everything he was supposed to get. Slyke remained on the floorboard and they drove for about an hour. Upon stopping, Slyke was told he could get up from the floorboard and go in the apartment occupied by appellant and her husband. Steele and Morehead arrived at the apartment in about twenty minutes to be followed by

Cain about an hour later. After appellant's husband had looked at the jewelry and expressed disappointment as to its value, Slyke and Morehead decided to return to Houston. Slyke was given a watch and cuff links. According to Slyke, the appellant was present the entire time he was at the apartment.

Mrs. J. P. Sandefur, a sister of appellant's husband, testified that the Boldings came to Roscoe in early February, 1971, stayed two nights with them, rented a house in Hermleigh, where they spent one night and left for Panama. Before their return, Mrs. Sandefur found a plastic bag containing jewelry in a seed bin in her barn, which she turned over to officers. Upon the return of the Boldings, and prior to appellant being taken by Mrs. Sandefur to the officers in Snyder, Mrs. Sandefur stated that appellant went into her bathroom to get dressed. After taking appellant to Snyder and returning home, Mrs. Sandefur found a cold cream jar in her bathroom containing jewelry. Mrs. Sandefur testified that she had never seen the jar before and turned the jar with its contents over to officers the next day.

Travis Waters, who was working at the jewelry store at the time of the robbery, testified that a ring taken from the cold cream jar Mrs. Sandefur found in her bathroom and a ring removed from appellant's finger were exactly like a set of rings that were in the store prior to the robbery on January 18, 1971, and determined to be missing after the robbery.

Waters further testified that appellant left a bracelet in the store to have charms put on it three days prior to the robbery, and that appellant never returned to pick up the bracelet.

The jury was instructed on the law governing principals and on the law requiring that the testimony of an accomplice must be corroborated by other evidence tending to connect an accused with the offense charged.

Article 38.14, V.A.C.C.P., requires that the testimony of the accomplice witness must be corroborated by other evidence tending to connect the appellant with the offense he is charged with committing and the corroboration is not sufficient if it merely shows the commission of the offense.

In Rogers v. State, Tex.Cr.App., 461 S. W.2d 399, it was stated:

"The corroborating testimony need not be sufficient in itself to establish the guilt of the accused, for if this were true the testimony of the accomplice would be of no value. The evidence is sufficient if it tends to connect the defendant with the offense." See Peaden v. State, Tex.Cr.App., 491 S.W.2d 136 (1973); Windham v. State, Tex.Cr.App., 479 S.W.2d 319; Cherb v. State, Tex.Cr.App., 472 S.W.2d 273; Colunga v. State, Tex.Cr.App., 481 S.W.2d 866; Edwards v. State, Tex.Cr. App., 427 S.W.2d 629.

Following the test for sufficiency of the corroboration set forth in Rogers v. State, supra, by eliminating from consideration the testimony of the accomplice, we find other evidence of incriminating character which tends to connect appellant with the commission of the offense. Appellant was shown to have been in possession of rings that were identified as being exactly like rings in the store before the robbery and found to be missing from the store after the robbery.

Appellant is placed in the store three days prior to the robbery on what would appear to be a pretext since she never returned to pick up the charm bracelet she left in the store.

We hold this evidence tends to connect the appellant with the offense for which she was charged. The corroborating evidence, together with the testimony of the accomplice witness, is sufficient to sustain the conviction.

■ Appellant's contention that the court erred in failing to grant a mistrial when the Criminal District Attorney of Tarrant County resigned has been decided adversely to her in Harley Porter Bolding v. State, supra, where the identical complaint was made. It is again overruled.

We reject appellant's fourth, fifth, seventh and eighth contentions in which complaints are directed to the argument of the prosecutor. These contentions are identical to the four complaints made in Harley Porter Bolding v. State, supra, concerning the argument of the prosecutor and are again overruled.

Appellant's sixth contention is the court erred in allowing non-qualified witnesses to testify concerning appellant's reputation. The very same contention was made in Harley Porter Bolding v. State, supra, and was there decided adversely to appellant. It is again overruled.

■ In appellant's last contention, she urges that the court erred in admitting hearsay evidence on probable cause for search of appellant's home and their arrest.

Appellant's brief recites, "This testimony appears at page 382 of the record and continues, over numerous objections of appellant, to page 400." The mere reference to pages of the record does not sufficiently identify the complained of testimony and does not constitute a ground of error as required by Article 40.09, Sec. 9, V.A.C.C. P. Dominguez v. State, Tex.Cr.App., 459 S.W.2d 628. We are unable to understand the exact nature of appellant's contention.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.