

# NUMBER 13-20-00211-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MANUEL REYNA CANTU,                                          Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

### On appeal from the 105th District Court
### of Kleberg County, Texas.



# NUMBER 13-20-00212-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ARACELY GARZA CANTU,                                              Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

### On appeal from the 105th District Court
### of Kleberg County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellants Manuel Reyes Cantu and Aracely Garza Cantu challenge the trial court's denial of their writ for habeas corpus pursuant to article 11.072 of the code of criminal procedure. *See* TEX. CODE CRIM. PRO. ANN. art. 11.072. By two issues, appellants

assert that the trial court erred by: (1) denying their claims for relief based upon receiving ineffective assistance of counsel, and (2) failing to hold an evidentiary hearing. We affirm.

## I.     BACKGROUND

In March 2004, following a jury trial, appellants were convicted of money laundering in excess of $20,000, but less than $100,000. *See* TEX. PENAL CODE ANN. § 34.02. Pursuant to an agreement between appellants and appellee the State of Texas, Manuel was sentenced to a term of eight years' imprisonment and was placed on community supervision for a term of ten years, and Aracely was sentenced to a term of five years' imprisonment and was placed on community supervision for a term of ten years. Appellants appealed their convictions and this Court affirmed. *See Cantu v. State*, No. 13-04-00146-CR, 2005 WL 1706507, at *2 (Tex. App.—Corpus Christi–Edinburg July 14, 2005, no pet.) (mem. op., not designated for publication).

Appellants successfully completed their terms of community supervision, and in April 2014, the court discharged appellants from community supervision, set aside the guilty verdicts and judgments of conviction, and dismissed their indictments. *See* TEX. CODE CRIM. PRO. ANN. art 42.12, § 20. In January 2020, appellants filed a joint application for post-conviction habeas corpus relief pursuant to Texas Code of Criminal Procedure Article 11.072 arguing they received ineffective assistance of counsel, which the State refuted. The trial court denied appellants' application, and these consolidated appeals followed.

3

## II. POST-CONVICTION WRIT OF HABEAS CORPUS

## A. Standard of Review

We review the trial court's denial of habeas corpus relief under an abuse-of-discretion standard and consider facts in the light most favorable to the trial court's ruling. *See Ex parte Reed*, 402 S.W.3d 39, 41 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (citing *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006)). We afford almost complete deference to the trial court's determination of historical facts supported by the record, especially when those factual findings rely upon an evaluation of credibility and demeanor. *Id*. at 42. "We apply the same deference to review the trial court's application-of-law-to-fact questions, if the resolution of those determinations rests upon an evaluation of credibility and demeanor; if the outcome of those ultimate questions turns upon an application of legal standards, we review the trial court's determination de novo." *Id*. To prevail upon a post-conviction writ of habeas corpus, the applicants bear the burden of proving, by a preponderance of the evidence, the facts that would entitle them to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).

## B. Ineffective Assistance of Counsel

By their first issue, appellants argue they were deprived of the effective assistance of counsel in their 2004 trial because their trial counsel: failed to obtain a pretrial ruling on their motions to suppress evidence, opened the door to otherwise inadmissible evidence, elicited otherwise inadmissible evidence as to Manuel's criminal record, failed to request a severance, and failed to seek exclusion of drug testing evidence.

To establish ineffective assistance of counsel, appellants must show that their trial counsel's performance fell below an objective standard of reasonableness and, but for

4

counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984); *Salinas v. State,* 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. In reviewing counsel's performance, we look to the totality of the representation to determine counsel's effectiveness, indulging a strong presumption that counsel's performance fell within the wide range of reasonable professional assistance or trial strategy. *Strickland,* 466 U.S. at 689; *see Ex parte Jimenez,* 364 S.W.3d 866, 883 (Tex. Crim. App. 2012); *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

### 1. Motion to Suppress

Appellants first contend their trial counsel was ineffective for failing to obtain a ruling on their motion to suppress. Prior to trial, appellants filed a motion to suppress the physical evidence seized and their statements made to police, arguing that the stop was unlawfully prolonged by the officer, and therefore Manuel's consent to search the vehicle was involuntary.

Trial counsel may decide not to file pretrial motions as part of a trial strategy; therefore, failure to file pretrial motions is not categorically deemed ineffective assistance of counsel. *Hammond v. State*, 942 S.W.2d 703, 710 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Likewise, failure to obtain a ruling on pretrial motions does not necessarily constitute ineffective assistance of counsel. *Wills v. State*, 867 S.W.2d 852, 857 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd); *see also Martinez v. State*, No. 13-03-070-CR, 2004 WL 2095108, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 27, 2004, no pet.) (mem. op., note designated for publication). Moreover, unless an appellant shows

that a pretrial motion had merit "and that a ruling on the motion would have changed the outcome of the case, counsel will not be ineffective for failing to assert the motion." *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (citing *Roberson v. State*, 852 S.W.2d 508, 510–12 (Tex. Crim. App. 1993)). Any claim for ineffectiveness of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *See Thompson*, 9 S.W.3d at 814.

Here, the record is silent as to trial counsel's strategy in not obtaining rulings on the pretrial motion to suppress. At the conclusion of the habeas hearing, the court found that the delay was not unreasonable and that the detention was justified as the officer investigated matters that extended beyond the initial reason for the stop. Appellants argue that the trial court's finding is incorrect. The Texas Court of Criminal Appeals has found that "there may be instances when a person's conduct viewed in a vacuum, appears purely innocent, yet when viewed in light of the totality of the circumstances, those actions give rise to reasonable suspicion." *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). Appellants argue that the officer was required to diligently pursue the traffic investigation and that "other than asking [Manuel] for his license and registration, [the officer] took no further steps to pursue the traffic investigation." However, as the trial court found, the officer noted several reasons for his suspicion that a crime was afoot, including the nervousness of appellants and their inability to make eye-contact, the time and location of the traffic stop, and appellants' inconsistent answers regarding their travel. These facts, viewed in light of the officer's training and experience in the South Texas Specialized Crimes and Narcotics Task Force, gave rise to enough suspicion to justify a detention. *See id*. Appellants have failed to demonstrate how obtaining rulings on the

6

pretrial motion to suppress would have changed the outcome in the case. Therefore, counsel was not ineffective for failing to obtain a ruling on the pretrial motion to suppress. *See Jackson*, 973 S.W.2d at 957.[1]

### 2.    Collateral Forfeiture Evidence

Next, appellants argue that trial counsel was ineffective at trial by "opening the door to otherwise inadmissible evidence" when cross-examining the arresting officer about the collateral forfeiture case brought by the State. The State appears to concede that trial counsel erred by asking questions related to the forfeiture case but contends that such error was inconsequential given the "overwhelming evidence" against appellants.

A sound trial strategy may be imperfectly executed, and the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "It is not sufficient that the appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). Rather, to establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant must show that counsel's errors were so serious that he was not functioning as counsel. *See Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995).

Appellants argue that counsel's cross-examination regarding the forfeiture case allowed the State to then use documents from that case against appellants in their criminal trial. Without said documents, appellants contend that the "State had no direct

---

[1] We note that appellants also argue that Manuel's consent to the search of the vehicle was involuntary "as it was tainted by the unlawful, prolonged detention." Having determined that the detention was not unlawful, we need not address appellants' voluntariness-of-the-consent argument.

evidence that the seized money was, in fact, derived from criminal activity, and its circumstantial case as to [appellants'] specific knowledge was weak." The forfeiture documents, however, were just part of the evidence put forth by the State. As this Court stated in the direct appeal in this case:

> At trial, Special Agent Edward Cruz testified that $48,950 in cash was found hidden in the engine compartment of Mr. Cantu's car. Mrs. Cantu was a passenger in the car. A videotape was admitted into evidence containing conversations between appellants while sitting in the back seat of the patrol car. The statements made by appellants on the videotape show that they both had knowledge that something was hidden in the engine compartment. Additionally, the comments made by appellants indicate they knew their actions were illegal. A handwritten note found in possession of appellants evidenced their knowledge that they were transporting money.

*Cantu*, 2005 WL 1706507, at *1. Our analysis in the direct appeal explained that the evidence was legally and factually sufficient to support the conviction with no mention of the forfeiture documents. *Id*. at *2. Accordingly, appellants have not met their burden under *Strickland* to establish that but for their counsel's errors related to the forfeiture testimony, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 695.

### 3. Manuel's Criminal History and Severance

Appellants next argument is two-fold: first, trial counsel was ineffective for eliciting testimony regarding Manuel's prior criminal history, and second, trial counsel for Aracely should have sought a severance because there was a previous admissible conviction against Manuel. We address each argument in turn.

### a. Criminal History

According to appellants, trial counsel erroneously chose to cross-examine the arresting officer regarding Manuel's prior criminal history. During this exchange, trial

counsel asked the arresting officer about Manuel's prior arrest record, and the arresting officer testified that a background check on Manuel revealed a history of prior offenses, though he did not specify whether Manuel had been convicted of these offenses. Trial counsel noted that he was under the impression that there were no previous arrests, but suggested they revisit the topic once it could be confirmed. Trial counsel did not revisit the topic. Appellants argue that counsel should have performed a better investigation to know his client's criminal history, and they further argue that the testimony was damaging to Manuel's credibility as the jury was able to "consider this evidence in any manner that it chose."

However, during the traffic stop, the arresting officer determined from Manuel himself that he had previously been arrested. In that exchange, there was also no mention of whether a conviction arose from the offense. As previously discussed, the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *See Robertson*, 187 S.W.3d at 483. Even assuming we agree that it may have been error for trial counsel to elicit this testimony where the State would not have been able to, we must look at whether this error is such that there is a reasonable probability that, but for this error, the result of the trial would have been different. *See Strickland*, 466 U.S. at 695. Again, given the evidence properly before the jury, as well as trial counsel's conduct during the remainder of trial, we cannot conclude there is a reasonable probability that counsel's deficiency as set out above was such as to allow us to find a reasonable probability that without the deficiency, the result would have been different. *Id*.; *see also Wilson v. State*, No. 06-00-00008-CR, 2002 WL 992108, at *5 (Tex. App.—Texarkana May 16, 2002, no pet.) (mem. op., not designated for publication) (concluding there was

9

no reversible error where trial counsel committed an error by introducing evidence of appellant's prior convictions but conducted the remainder of the trial appropriately and there was proper evidence of appellant's guilt presented to the jury).

### b. Severance

Aracely contends that once trial counsel elicited testimony regarding Manuel's criminal history, her trial counsel should have requested a severance of her case. *See Robinson v. State*, 449 S.W.2d 239, 240–41 (Tex. Crim. App. 1969) (providing that severance is mandatory where "one defendant has no prior criminal record or at least no prior admissible convictions and the co-defendant has a prior conviction or convictions which are admissible"). In their own argument, however, appellants concede that Manuel "had no admissible arrests or convictions at the guilt-innocence phase," but contend that the jury merely hearing testimony regarding potential criminal history was enough to move to sever. We disagree. As no admissible prior conviction was established in this case, severance was not necessary, and trial counsel did not err in failing to move to sever. *See id*.

### 4. Drug Testing Evidence

Appellants also argue counsel was ineffective for failing to exclude testimony relating to the drug testing of the wrappers around the cash bundles located in the vehicle. Here, the trial court found no error because the drug testing was not dispositive and was more helpful to the defense than to the State. Whether or not the evidence is dispositive, appellants argue that it was harmful testimony that should have been excluded.

However, "[t]he mere failure to file appropriate pretrial motions may not be categorically deemed ineffective assistance of counsel." *Miranda v. State*, 993 S.W.2d

10

323, 327 (Tex. App.—Austin 1999, no pet.) (citing *Ryan v. State*, 937 S.W.2d 93, 104 (Tex. App.—Beaumont 1996, writ ref'd); *Hills v. State*, 867 S.W.2d 852, 857 (Tex. App.— Houston [14th Dist.] 1993, writ ref'd)). In fact, "counsel may decide not to file pre-trial motions as part of his trial strategy." *Mares v. State*, 52 S.W.3d 886, 891 (Tex. App.— San Antonio 2001, pet. ref'd).

Here, the record does not contain any evidence of trial counsel's strategy on this point. Accordingly, we are constrained to presume that trial counsel's performance was effective. *See Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011); *Thompson*, 9 S.W.3d at 813; *see also Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (holding that in cases where the record is silent as to the trial counsel's reasoning, the appellate court should find ineffective assistance only if the challenged conduct is so outrageous that no competent attorney would have engaged in it). The testimony was that the drug testing performed was likely done incorrectly. The State's own expert testified that it was inconclusive and could have been user error that resulted in the inability to conclusively establish whether drugs were present. Trial counsel could have strategically determined it was best for the jury to hear evidence of the State's inability to adequately perform the drug testing and to call into question the abilities of the arresting officer who performed the testing. While another trial counsel may have chosen a different strategy in attempting to keep out the evidence of drug testing, we conclude appellants have failed to overcome the recognized presumption in favor of a viable trial strategy. *See Hernandez v. State*, 84 S.W.3d 26, 36 (Tex. App.—Texarkana 2002, pet. ref'd).

11

## 5. Overwhelming Evidence

Finally, appellants argue that the evidence against them was not so overwhelming as to negate trial counsel's ineffective assistance in failing to exclude the drug testing. We disagree. Having previously determined the evidence against appellants was factually and legally sufficient to support their convictions, we do not disturb that decision. *See Cantu*, 2005 WL 1706507, at *2. Even if there were no evidence of drug testing, there was ample testimony relating to the method by which the money was wrapped being consistent with drug trafficking and illegal smuggling, as well as the testimony by officers that given their experience, the way in which the money found in the car was bundled, rubber-banded, and vacuum-sealed in wrappers is a common method used by drug traffickers for transporting money. *See id*.

## 6. Summary

We hold that appellants have failed to meet their burden to show that trial counsel's performance fell below a reasonable standard of conduct or that but for trial counsel's alleged errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 695. We overrule appellants' first issue.

### III. EVIDENTIARY HEARING

Appellants requested an evidentiary hearing before the trial court "to develop the record." Upon receiving a habeas corpus application, the trial court may dispose of it in one of two ways. "If the court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous." TEX. CODE CRIM. PRO. ANN. art. 11.072, § 7(a). "In all other cases, a second procedure applies, and the trial

12

court cannot rule on the application without entering findings of fact and conclusions of law." *Ex parte Baldez*, 510 S.W.3d 492, 495 (Tex. App.—San Antonio 2014, no pet.). In this case, the trial court entered findings of fact and conclusions of law, meaning that the court did not find the application frivolous on its face. We review a trial court's decision to hold an evidentiary hearing to evaluate a non-frivolous habeas petition for abuse of discretion. *Ex Parte Salazar*, 510 S.W.3d 619, 626–27 (Tex. App.—El Paso 2016, pet. ref'd).

"Article 11.072 does not require a hearing when the issues can be resolved without one." *Ex parte Arjona*, 402 S.W.3d 312, 319 (Tex. App.—Beaumont 2013, no pet.); *see also Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.). The courts of appeals generally agree that no evidentiary hearing is *per se* required when an applicant brings an Article 11.072 claim for ineffective assistance of counsel. *See Ex parte Salazar*, 510 S.W.3d at 627; *see also Ex parte Crook,* No. 08-08-00313-CR, 2010 WL 2961580, at *4 (Tex. App.—El Paso July 28, 2010, pet. ref'd) (mem. op., not designated for publication) (noting in ineffective assistance of counsel case that "[f]rom the plain language of the statute it is clear that the decision whether to hold a hearing is within the discretion of the trial court"). The trial court may consider affidavits attached to an application as evidence without a hearing. *See Ex parte Cummins*, 169 S.W.3d at 757. On this record, which included the entirety of appellants' clerk's records and reporter's records in the underlying matters, as well as declarations of both appellants, we agree that the pleaded ineffective assistance issues could be decided without resorting to in-court testimony. *See Ex parte Franklin*, 310 S.W.3d 918, 922–23 (Tex. App.—Beaumont 2010, no pet.) (holding that trial court is not required to hold oral hearing when determining

whether to deny habeas application alleging ineffective assistance of counsel); *see also*

*Ex Parte Vallejo*, No. 13-10-00577-CR, 2012 WL 114134, at *4 (Tex. App.—Corpus

Christi–Edinburg Jan. 12, 2012, no pet.) (mem. op., not designated for publication).

Appellants' second issue is overruled.[2]

## IV.  CONCLUSION

The judgment of the trial court is affirmed.[3]

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
28th day of October, 2021.

---

[2] As part of the relief requested in their second issue, appellants sought to have this cause abated and remanded to the trial court for an evidentiary hearing. Construing this request as a motion to abate the appeal, we deny the motion as moot as a result of our resolution of appellants' second issue.

[3] In its appellate brief, the State argued that appellants' requested relief was barred by the doctrine of laches. Because we have affirmed the trial court's judgment and overruled appellants' issues on appeal, we need not address this argument. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").