**Billy Ray JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42038.**

Court of Criminal Appeals of Texas.

April 16, 1969.

Paul J. Chitwood, Dallas, for appellant.

Henry Wade, Dist. Atty., Charles Caperton, Cecil Emerson, Malcolm Dade, James P. Finstrom and Camille Elliott, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery; the punishment, 99 years.

Though tried together with his co-defendant, Andrew Harris, this appeal concerns only the appellant. Harris was the appellant in our recent case of Harris v. State, Tex.Cr.App., 435 S.W.2d 502.

Appellant's first ground of error is that the court erred in failing to grant his motion for severance which was presented to the court on the day of the commencement of the trial. The grounds alleged in the motion were that his co-defendant had a prior conviction for an offense involving moral turpitude whereas this appellant did not. Art. 36.09, Vernon's Ann.C.C.P., makes it incumbent upon an accused to make known to the court prior to trial that there is a prior admissible conviction against his co-defendant or that a joint trial would be prejudicial. This appellant failed to do. The record does not reflect that appellant's counsel made an effort to show the court that the general allegation contained in the motion was true.

■ We would not be inclined to reverse this conviction because Harris' wife, in support of his application for probation, was questioned, without objection, about some 15 days Harris had spent in the county jail after he had been convicted for theft some year prior to the date set forth in this indictment.

■ Appellant next contends that the court erred in declining to declare a mistrial when Officer Woodrow, on examination by state's counsel concerning appellant's arrest report, gave an unresponsive answer to the effect that both appellant and Harris had been "filed on for other cases." The court promptly instructed the jury not to consider the quoted portion of the witness' answer. In rebuttal to appellant's defense of alibi the court permitted proof of the fingerprints mentioned in Harris v. State, supra. This being so, no injury could be presumed from the unresponsive answer.

Finding no reversible error, the judgment is affirmed.