Alan ALVARADO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–90–00205–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 18, 1991.

---

**102**

Carlos Martinez, San Antonio, for appellant.

Alger H. Kendall, Jr., Dist. Atty., Karnes City, for appellee.

Before CHAPA, PEEPLES and GARCIA, JJ.

## OPINION

CHAPA, Justice.

Appellant, Alan Alvarado, appeals a jury conviction for the offense of Burglary of a Habitation.[1] Although Tony Zapata, Emilio Zapata, and Martin Sanders were indicted for the same offense, only appellant and his co-defendant, Tony Zapata, were tried in this consolidated trial. Both were found guilty by a jury, and the appellant was sentenced to life imprisonment by the court.

The issues before this court are:

1) whether the court erred in failing to grant appellant's motion for severance;

2) whether the court erred in granting co-defendant Tony Zapata's motion for continuance over appellant's objection;

3) whether there was sufficient evidence to sustain the conviction; and,

4) whether the court erred in denying a new trial based on newly discovered evidence.

Initially, appellant contends that the trial court erred in failing to grant appellant's motion for severance.

TEX.R.APP.P. 50(d) requires that an appellant present a sufficient record before this court demonstrating the error complained of. Additionally, TEX.R.APP.P. 74 requires that an appellant cite authority for his complaints and direct this court's attention to that part of the record which demonstrates the error and shows proper preservation of the complaint. It is axiomatic that an appellate court cannot properly assume the role of assistant to either party by searching through the record to justify the position of either side.

"Art. 36.09, Vernon's Ann.C.C.P., makes it incumbent upon an accused to make known to the court prior to trial that there is a prior admissible conviction against his co-defendant or that a joint trial would be prejudicial." *Jackson v. State,* 439 S.W.2d 843 (Tex.Crim.App.1969); TEX. CODE CRIM.PROC.ANN. art. 36.09 (Vernon 1981). Failure of the court to grant an untimely motion for severance is not error. *Etter v. State,* 679 S.W.2d 511, 515 (Tex. Crim.App.1984). "Under this statute [art. 36.09] severance is no longer a matter of right but rests within the sound discretion of the trial judge", and "[i]n the absence of a motion for severance or showing of prejudice there is no error in consolidating the trial of two or more defendants." *Robinson v. State,* 449 S.W.2d 239, 240 (Tex. Crim.App.1969). "Even if it can be argued that appellant's motion was timely presented, ..." when "no evidence was offered in support thereof as expressly required by Article 36.09, ... for this reason alone no error is presented." *Id.* (footnote omitted).

Appellant here has violated TEX. R.APP.P. 74 by failing to direct this court to that part of the record which demonstrates that a timely motion for severance was made prior to trial, that evidence was presented and, that the court erroneously denied the request. Appellant has also violated TEX.R.APP.P. 50 by failing to present a record before this court which shows the error complained of. In fact, appellant's brief states that "[a]ppellant has not raised any error based on the Trial Court's denial of his pre-trial motion for severance". A review of the record reflects that although a motion for severance was filed prior to trial, there is no indication that a pre-trial hearing was ever requested or had, or that the motion was presented to the court prior to trial. Therefore, we must assume that the al-

---

1. The indictment against appellant was enhanced by one prior felony conviction.

leged error, if any, regarding the court's failure to grant a request for severance, occurred at sometime after the trial commenced, which would be untimely and would present no error. *Etter*, 679 S.W.2d at 515; *Jackson*, 439 S.W.2d at 843.

In reviewing the record, we note that the trial commenced with the taking of evidence on October 3, 1989, was continued to October 17, 1989, and continued again until November 27, 1989. On October 17, 1989, appellant made an oral motion for severance, without presenting any evidence, and merely stated that "it looks like that my client's case and the co-defendant's case are now at odds and it would be prejudicial to my client to continue the case." On November 27, 1989, the record also shows the following exchange between appellant and the court with regards to a motion for severance:

> [APPELLANT'S COUNSEL]: I'd just like to have an official ruling on my motion for severance that was filed last week.
>
> THE COURT: The ruling of the Court is that I deny your motion.

In addition to failing to comply with TEX.R.APP.P. 74 and TEX.R.APP.P. 50, appellant has waived any complaint "based on the Trial Court's denial of his pre-trial motion for severance"; has failed to show that a motion for severance, which was not waived, was timely filed, heard, and ruled on; and, has failed to show that evidence was presented as required by art. 36.09. *Robinson*, 449 S.W.2d at 240. Consequently, appellant has failed to show the court abused its discretion. The point is rejected.

■ Moreover, even if all the above reasons why the point should be rejected were ignored and we were to conclude that the court committed error by not granting a severance, any error would nevertheless be harmless. TEX.R.APP.P. 81(b)(2). If the severance had been granted, the trial court was nevertheless justified in ordering the blood tests as requested, and the damaging results to the appellant certainly would have been admissible in his trial. Further, although appellant insinuated before the court below that the co-defendant was "at

odds" with him, appellant fails to point out where the record supports such an allegation and, we are unable to find any support for this contention in the record. Thus, after reviewing the record, we are unable to see how the appellant would have been harmed by the denial, and as he did before the court below, the appellant again fails before this court to show how he was harmed. Therefore, if appellant would have shown error because the severance was denied, such error would have been harmless beyond a reasonable doubt. TEX.R.APP.P. 81(b)(2).

■ Appellant next complains that the trial court erred in granting the co-defendant a continuance over the objection of the appellant, and concedes that the continuance was based on equitable grounds. However, a motion for continuance, based on equitable grounds rather than statutory grounds, is entirely within the sound discretion of the court, and will only call for reversal if it is shown that the court clearly abused its discretion. *Hernandez v. State*, 492 S.W.2d 466, 467 (Tex.Crim.App.1973).

■ A review of the record reflects that although blood tests were performed on blood samples found at the scene of the burglary, no blood tests had been conducted prior to trial on the four original defendants allegedly involved, including the appellant. However, when the State attempted to introduce evidence of the blood tests during trial, the appellant and co-defendant both expressed surprise and moved for a continuance, contending that the prosecution had violated discovery motions by failing to provide them with this evidence which they considered exculpatory if a test of their blood would have disassociated them from the blood found at the scene of the burglary. Although the record indicates that the entire prosecution file had been made available to appellant and the co-defendant, the prosecution did not vehemently oppose the motion for continuance. However, the prosecution insisted that if tests were to be performed on the appellant and his co-defendant, the other two defendants to be tried later should also be tested. The motion for continuance was grant-

ed by the court. However, after some discussion, appellant changed his mind for some reason and thereafter, objected to the continuance that had already been granted and was still being sought by the co-defendant. Appellant's objection was overruled by the court.

The court reconvened on October 17, 1989, after the appellant and co-defendant had received copies of the result of the blood tests of all of the defendants and of the scene. Appellant nevertheless announced that he was not ready to proceed for various reasons. Co-defendant refused to ask for a mistrial and, instead, insisted in proceeding with the jury that he and the appellant had selected. Thereafter, the co-defendant and prosecution announced that they were ready to proceed with an agreed stipulation; appellant again insisted that he was not ready to proceed. However, when the State and co-defendant agreed to continue the case and the court granted the continuance, appellant then objected to the case being continued. The court overruled the appellant's objection and the case was continued to November 27, 1989.

The transcript further reflects that on November 20, 1989, appellant filed his Motion to Allow Testing of Blood Sample by appellant's expert, and also his First Motion for Continuance, requesting that the case be continued on November 27, 1989 to give his expert time to test the blood samples. However, we are unable to find where the motion was presented to the court and ruled on. Based on this record, appellant has failed to show an abuse of the court's discretion in granting the co-defendant's motion for continuance.

Appellant's next point of error alleges that there was insufficient evidence to support a finding of guilt. In the present case, the indictment states that the appellant committed theft of property on or about July 3, 1989.

The record reflects evidence regarding the following: that the appellant, as well as the other co-defendants, was seen, on July 3, 1989, at or near the burglarized house shortly after a witness heard the window pane shatter; that co-defendant Tony Zapata was seen taking the stolen television from Martin Sanders, a co-indictee, through the broken window of the burglarized home; the appellant, along with three other co-defendants, was seen getting into a vehicle with the stolen television; blood stains were subsequently discovered on the broken glass at the scene of the burglary and the blood samples recovered at the scene matched that of the appellant; the appellant, along with two other defendants, went to Julia Cordona's home and attempted to sell her a television on the night of July 3, 1989, claiming that the television belonged to the appellant; that at the time appellant was trying to sell the television, he had fresh blood stains on his shirt; and, the appellant, along with two other defendants, was arrested on July 3, 1989 at approximately 11:00 p.m., after he was found hiding in the brush about two blocks from Julia Cordona's residence.

Further, Gary Wayne Wegner, a reserve police officer with the City of Kenedy, testified that he assisted in arresting appellant on July 3, 1989, the same day the offense occurred. Additionally, Jay Tenberg, a deputy with the Karnes County Sheriff's Office, stated under oath that he was called to assist Chief Nolan Jonas, with the Karnes City Police, in arresting the appellant on the night of July 3, 1989.

In reviewing the sufficiency of the evidence, this court must determine whether, considering the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Little v. State,* 758 S.W.2d 551, 562 (Tex.Crim.App.), *cert. denied,* 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988). This is the standard of review in both direct and circumstantial evidence cases. *Butler v. State,* 769 S.W.2d 234, 238 (Tex. Crim.App.1989); *Dickey v. State,* 693 S.W.2d 386, 387 (Tex.Crim.App.1984).

In applying this standard to circumstantial evidence cases, however, we consider whether the circumstances exclude every other reasonable hypothesis except

that of the guilt of the accused. *Butler*, 769 S.W.2d at 238 n. 1; *Humason v. State*, 728 S.W.2d 363, 366 (Tex.Crim.App.1987); *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex. Crim.App.1983) (opinion on rehearing). If the evidence supports a reasonable inference other than finding the essential elements of the crime, then no trier of fact could rationally find the accused guilty beyond a reasonable doubt. *Carlsen*, 654 S.W.2d at 449–50; *Freeman v. State*, 654 S.W.2d 450, 456–57 (Tex.Crim.App.1983) (opinion on rehearing); *Denby v. State*, 654 S.W.2d 457, 464 (Tex.Crim.App.1983) (opinion on rehearing).

■ Proof which amounts to only a strong suspicion or mere probability of guilt is insufficient to support a conviction. *Humason*, 728 S.W.2d at 366; *Moore v. State*, 640 S.W.2d 300, 302 (Tex.Crim.App. 1982). "It is not necessary, however, that every fact point directly and independently to the guilt of the accused, and the cumulative force of all the incriminating circumstances may be sufficient to warrant a conclusion of guilt." *Bryant v. State*, 574 S.W.2d 109, 111 (Tex.Crim.App.1978). However, "[a]n alternate hypothesis of guilt is not a standard by which evidence sufficiency is measured: it is a 'guideline for assaying whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' ", and "simply because appellant presented a different version of the events, the evidence is not rendered insufficient." *Anderson v. State*, 701 S.W.2d 868, 872 (Tex.Crim.App.1985), *cert. denied*, 479 U.S. 870, 107 S.Ct. 239, 93 L.Ed.2d 163 (1986).

■ The jurors are the triers of the facts, the judges of the credibility of the witnesses and the weight to be given to their testimony. *Miller v. State*, 566 S.W.2d 614, 618 (Tex.Crim.App.1978); TEX. CODE CRIM.PROC.ANN. art. 38.04 (Vernon 1979). The jury is entitled to accept or reject any or all of the testimony given by the witnesses for the State and the accused. *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex.Crim.App.1987); *Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim.App.1982).

■ Applying the appropriate standard, we conclude that the evidence was sufficient to support the finding of guilt.

In the final point of error, appellant contends that the trial court erred in failing to grant appellant a new trial based on newly discovered evidence.

During the trial, attempts by the appellant to present co-indictees Martin Sanders and Emilio Zapata failed when they exercised their right to remain silent. However, at the hearing on the motion for new trial, after both Sanders and Zapata had plead guilty to the burglary, they appeared and testified to the following: that appellant was drunk and asleep in the back of the car; that he had not participated or known of the burglary; and, that he had not gone with the others to attempt to sell the television to Julia Cordona. The court denied the motion on the basis that the testimony was not credible.

"A motion for new trial based on newly discovered evidence is addressed to the sound discretion of the trial judge, and his decision thereon, absent a showing of clear abuse of discretion, should not be disturbed on appeal." *Williams v. State*, 504 S.W.2d 477, 482 (Tex.Crim.App.1974). "The probable truth of the new evidence is primarily a determination for the trial judge." *Id.* at 483. "The credibility of the witnesses and the probable truth of the new evidence are matters to be determined by the trial court." *Todd v. State*, 601 S.W.2d 718, 721 (Tex.Crim.App.1980).

■ Here, the trial judge saw and observed the demeanor of both the witnesses that testified on the merits, as well as the convicted co-indictees that testified on the hearing for new trial. Being confronted with testimony from the co-indictees that was completely contradictory to the evidence presented on the merits, the court necessarily had to invoke its discretion in gauging the credibility of all the witnesses, which it had the right to do. *Todd*, 601 S.W.2d at 721; *Williams*, 504 S.W.2d at 482. The court found that the testimony of the two convicted burglars was not credible when compared with the evidence presented on the merits. We cannot say that the

**106**

appellant has shown the court abused its discretion in denying the motion for new trial.

Appellant's original brief was filed on November 30, 1990, listing the points of error heretofore addressed. However, on May 29, 1991, some six months later, appellant filed a supplemental brief adding another point of error. Although appellant's supplemental brief was filed with this court, leave to consider any additional points of error at such a late date will be determined by this panel to which the case was assigned.

 The Texas Court of Criminal Appeals addressed this issue as follows:

Several rules concern the scheme of events by which an appellant presents to the appellate court his complaints about alleged trial errors. Rule 74(d), entitled Points of Error, states in part that 'the points upon which an appeal is predicated shall be stated' in the brief. Rule 74(e), entitled Brief of Appellee, mandates that the appellee's brief shall reply to the points relied upon by the appellant. Rule 74(o) allows the amendment or supplementation of a brief at any time 'when justice requires upon such reasonable terms as the court may prescribe ...' Rule 74(p) clearly states the purpose of the rules is 'to acquaint the court with the points relied upon', and in order to achieve that end 'substantial compliance with these rules [in regard to briefs] will suffice in the interest of justice'. We perceive the clear import of the purpose stated in Rule 74(p) to be that all points of error sought to be reviewed and all replies thereto are to be included in the original brief. Supplemented or amended briefs bringing new matters to the appellate court may be filed later, but only 'as justice requires' or 'in the interest of justice' and under reasonable terms imposed by the court. The implication is that such briefs may be filed and considered only with leave of the appellate court. The idea that a party may *force* a new issue on an appellate court after briefs have been filed is foreign to the rules, although constitutional restraints such as due process may so require in a given case. The same is true for compelling matters that rise to the level of 'in the interest of justice'. Short of those situations, the decision whether to consider new matters raised in a supplemented or amended brief should be left to the sound discretion of the appellate court. *Dickens v. Court of Appeals for the Second Supreme Judicial District of Texas*, 727 S.W.2d 542 (Tex.Crim.App.1987).

*Rochelle v. State*, 791 S.W.2d 121, 124 (Tex.Crim.App.1990) (emphasis in original). Thus, except under extremely limited circumstances, all points of error must be included in the original appellate brief. It is inconceivable, however, that the limited exception alluded to by the Texas Court of Criminal Appeals would permit an error waived during trial, which is again waived by failure to include the complaint in the original appellate brief, to be successfully resurrected by merely filing a late supplemental brief finally including the alleged error. We hold that all waivable errors, which are not included in the original appellate brief, are waived and present nothing to review.

 In his motion to file his supplemental brief, appellant does not invoke any alleged exception, but merely states that the purpose of the supplemental brief is to add a point of error that his co-defendant Tony Zapata urged on appeal and which appellant apparently failed to see or forgot to include in his original brief. Considering the added point of error is waivable and was, in fact, actually waived on the merits of this case; the alleged error was not included in the original appellate brief; the obvious lack of diligence on the part of the appellant; and, the fact that no exception has been invoked or applies, we hold that appellant has waived the additional point in the supplemental brief. However, because we have already addressed the identical issue in the companion case of *Zapata v. State*, No. 04-90-00101-CR (Tex.App.—San Antonio, June 28, 1991, n.w.h.) (not designated for publication), we will likewise address the issue here.

The new issue in the supplemental brief is whether the trial court "erred in admitting the testimony of Julia Cordona Tinoco regarding the inadmissible extraneous offense or misconduct evidence of possession of stolen property."

Appellant attacks the admissibility of this evidence on two grounds: first, that the State "failed to make a connection between the television that was attempted to be sold and the offense being tried"; and second, that the State "failed to prove that the defendant was guilty of the offense".

Appellant asserts that Tinoco's testimony concerning the television was improper because no attempt was made to elicit testimony from Tinoco regarding the size, color, brand name or any other relevant factor that could have established some connection between the television offered for sale and the television stolen. Appellant argues that without a specific identification of the television as the one stolen, the State failed to establish the extraneous offense in order to lay a proper foundation to admit the testimony.

Nevertheless, an offer to sell a television is not per se illegal. Further, in the present case, the appellant concedes that the State made no attempt to show that the television offered for sale was the one that had, in fact, been stolen, nor was the appellant charged with the offense of attempting to sell stolen property. Therefore, Tinoco's testimony that the appellant came to her home and attempted to sell her a·television does not relate to an extraneous offense as this testimony does not amount to evidence of prior criminal conduct. *Harris v. State*, 738 S.W.2d 207, 224 (Tex.Crim. App.1986), *cert. denied*, 484 U.S. 872, 108 S.Ct. 207, 98 L.Ed.2d 158 (1987). Instead, the objected to testimony was merely testimony relating to the chain of events that led to the arrest of the appellant near Julia Cordona Tinoco's residence.

Additionally, the law requires that "[i]n order to complain at the appellate level that the trial court erred in admitting certain testimony, the accused must lodge a *timely* objection to the testimony." *Sattiewhite v. State*, 786 S.W.2d 271, 283 (Tex.Crim.App.

1989), *cert. denied*, —— U.S. ——, 111 S.Ct. 226, 112 L.Ed.2d 181 (1990) (emphasis added).

This record reflects that the appellant never made any objection at all to the testimony of Julia Cordona Tinoco, but merely adopted a late objection made by co-defendant after the direct examination by the District Attorney, after cross-examination by appellant's attorney, and after the trial judge inquired whether appellant's attorney had any further questions. Thus, even if it could be considered that the testimony related to an extraneous offense, appellant has failed to preserve error in a timely fashion. *Sattiewhite*, 786 S.W.2d at 283; TEX.R.APP.P. 52. The late additional point of error is rejected.

The judgment is affirmed.