Affirmed and Opinion filed November 27, 2002













Affirmed and
Opinion filed November 27, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-01253-CR

_______________

 

DONALD RAY
TAMPLIN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

______________________________________________________

 

On Appeal from 185th District Court

Harris County, Texas

Trial Court Cause No. 874,736

______________________________________________________

 

O P I N I O N

            Appellant Donald Ray Tamplin appeals a conviction for aggravated sexual assault for which he was given six years’ probation.  Specifically, he contends the evidence is
factually insufficient to support his conviction and the trial court abused its
discretion by admitting a therapist’s opinion regarding whether the complainant
was delusional.  We affirm.

Background

            Appellant
was charged with aggravated sexual assault of his wife’s young cousin, Delon Laqua.  Laqua, who was
twenty-two at the time of trial, testified about a series of sexual contacts or
sexually-suggestive incidents with appellant that occurred in her
childhood.  First, she testified that
during a childhood camping trip, appellant placed her hand on his penis and
held it there through the night.  In
contrast, the four other persons present in the tent testified that Laqua and appellant did not sleep next to each other. 

            The next incident Laqua described is the charged offense.  She testified that shortly after the camping
trip, when she was twelve years old, appellant massaged her legs because they
were sore from volleyball practice.  She
testified that while they were alone, he put his finger inside her vagina.

            Third, when Laqua
was thirteen years old, appellant and his wife gave her silk underpants for
Christmas.  Laqua’s
mother thought the gift inappropriate, though appellant and his wife claim Laqua asked for the underpants.  Laqua testified
that when appellant later gave her a second undergarment set, he advised her to
keep the gift a secret.  Fourth, Laqua testified that appellant gave her a model penis,
sculpted from dental mold from his office. 
Appellant testified that she requested the penis as a gag gift for a
friend.  Lastly, Laqua
claimed that appellant gave her two sexually-explicit videotapes.  Appellant testified that Laqua
took these videotapes from his home without his knowledge.

            Laqua did
not report any of these incidents until she was nineteen years old.  Her descriptions of them at trial were
largely denied or explained by appellant, his wife, and other witnesses.  Appellant alleges that Laqua
fabricated her story because of conflict with her family about whether her
boyfriend stole money from them. 

Factual Sufficiency

            In appellant’s first point of error,
he contends that the evidence is factually insufficient to support a
conviction.  In reviewing the factual
sufficiency of the evidence, we view all the evidence in a neutral light, both
for and against the finding, and set aside the verdict only if “proof of guilt
is so obviously weak as to undermine confidence in the jury’s determination, or
the proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof.”  Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  We review the fact finder’s weighing of the
evidence and are authorized to disagree with the fact finder’s
determination.  Clewis v. State, 922 S.W.2d
126, 133 (Tex. Crim. App. 1996).  Our review, however, must be appropriately
deferential so as to avoid substituting our own judgment for that of the fact
finder.  Jones v. State, 944 S.W.2d 642, 648
(Tex. Crim. App. 1996).

            In this case, the testimony about
the charged offense is a “swearing match” between just two witnesses, Laqua and appellant. 
Laqua alleges that appellant penetrated her
vagina with his finger; appellant denies the incident occurred.  No other evidence corroborates either version
of the charged offense.  

            However, Laqua’s
description of sleeping arrangements on the camping trip, when appellant
allegedly placed her hand on his penis through the night, was controverted by others present in the tent.  Further, appellant explained that the model
penis he gave Laqua was at her request for a gag
gift.  Similarly, appellant and his wife
claim that Laqua requested the gift of silky
underpants.  Appellant also explained
that Laqua had taken the sexually-explicit videotapes
from his home; he did not give them to her. 
The only uncontroverted testimony was Laqua’s claim that appellant gave her additional
undergarments after he was informed her mother disapproved of such gifts.

            Thus, there is testimony to support
both the prosecution and the defense for the charged offense.  When presented with reasonably equal
competing theories, it is the jury, not the reviewing court,
that accepts or rejects each theory. 
See Goodman v. State, 66 S.W.3d 283, 287 (2001). 
Though the State’s evidence in this case is uncorroborated, the jury
heard the testimony and was entitled to believe Laqua
and any other evidence supporting her testimony.  Alvarado v. State, 818 S.W.2d 100, 105 (Tex. App.—San Antonio 1991,
no pet.) (jury is the sole trier
of facts and judge of credibility; jury may choose to accept of reject any or
all testimony).  It is evident from the
verdict that the jury found Laqua’s testimony
persuasive.  Despite appellant’s denials,
“[e]quipoise does not render the verdict against the
great weight and preponderance.”  Goodman, 66 S.W.3d at
286 n.5.  Further, Laqua’s testimony about the other incidents, such as the
model penis, videotapes, and undergarments, could have affected appellant’s
credibility with the jury.  The verdict
is not manifestly unjust, shocking to the conscience, or a clear demonstration
of bias.  Clewis, 922
S.W.2d at 135.  We therefore hold
that the verdict is not against the great weight and preponderance of the
evidence.  Accordingly, we overrule
appellant’s first issue. 

Expert Testimony On
Truthfulness of Allegation

            In
appellant’s second point of error, he contends that the trial court abused its
discretion in allowing Dr. Doss, a therapist, to give opinion testimony
regarding the truth of Laqua’s allegations.  After establishing that Dr. Doss previously
counseled Laqua and her family privately, the State
asked, “Did you find her to be delusional in any way?”  An objection to the question was raised and
overruled.  Dr. Doss answered, “. . . she
was not delusional at any time during her therapy.”  

 

 class=Section2>

            The threshold determination for
admitting expert testimony is whether the specialized knowledge will assist the
trier of fact to understand the evidence or to
determine a fact in issue.  Rousseau v. State, 855 S.W.2d 666, 686
(Tex. Crim. App. 1993); see also Duckett v. State, 797 S.W.2d 906, 910 (Tex. Crim. App. 1990), overruled
on other grounds; Cohn v. State,
849 S.W.2d 817, 819 (Tex. Crim. App. 1993); Tex. R. Evid. 702.  Expert testimony assists the trier of fact when the jury is not qualified to “the best
possible degree” in determining intelligently the particular issue without the
help of the testimony.  Duckett, 797 S.W.2d at 914. But, the expert testimony must aid–not
supplant–the jury’s decision.  Id.  Expert testimony does not assist the jury if
it constitutes “a direct opinion on the truthfulness” of a child complainant’s
allegations.  Yount v. State, 872 S.W.2d 706, 708
(Tex. Crim. App. 1993). 

            We recognize that expert testimony
is inadmissible if it constitutes a direct opinion on the truthfulness of a child
complainant’s allegations.  Shutz v. State, 957 S.W.2d 59
(Tex. Crim. App. 1997).  However, we do not interpret the testimony in
the present case to be a direct opinion on Laqua’s
allegations.  The question posed
addressed Laqua’s general mental faculties or
behavioral characteristics, not the truthfulness of the specific allegation of
sexual abuse.  Expert testimony
concerning behavioral characteristics typically exhibited by victims of sexual
abuse and describing behavior observed in complaining witnesses is not improper
merely because it embraces the ultimate issue of whether complainants were
telling the truth.  Cohn v. State, 804 S.W.2d at 575, aff’d, 859 S.W.2d 817 (Tex. Crim. App. 1993).  In
such testimony, the expert does not express an opinion on whether she or he
believes that the complaining witnesses are telling the truth.  Id.  Because Dr. Doss’s
testimony about Laqua’s faculties was not a comment
on the truthfulness of her allegations, we find no abuse of discretion in
admitting it in evidence.  

            Accordingly, we overrule appellant’s
second point of error and affirm the judgment of the trial court.

 

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Opinion filed November
 27, 2002.

Panel
consists of Justices Edelman, Seymore and Guzman.

Do Not
Publish — Tex. R. App.
P. 47.3(b).