NUMBER 13-02-486-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
PHILLIP HALL,                                                                             Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.

 

On appeal from the 28th District Court
of Nueces County, Texas.


 

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Castillo and Baird



Opinion by Justice Baird

          Appellant was charged by indictment with the offense of sexual assault. See Tex.
Pen. Code Ann. § 22.011 (Vernon Supp. 2004). The indictment also alleged a prior felony
conviction for the purpose of enhancing the range of punishment. Appellant waived his
right to trial by jury, was convicted by the trial judge of the charged offense, and pled true
to the prior felony conviction. The trial court assessed punishment at twenty years
confinement in the Texas Department of Criminal Justice–Institutional Division. We modify
the judgment, and as modified, affirm. 
I. Standards of Appellate Review.
          The first and second points of error contend the evidence is legally and factually
insufficient to support the verdict. Legal sufficiency is the constitutional minimum required
by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. 
Jackson v. Virginia, 443 U.S. 307, 315-16 (1979). The appellate standard for reviewing
a legal sufficiency challenge is whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Id. at 320; see Sanders v.
State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). The evidence is examined in the light
most favorable to the verdict. Jackson, 443 U.S. at 315; Sanders, 119 S.W.3d at 820. 
          Under a factual sufficiency review, the evidence is viewed in a neutral light, favoring
neither party. Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In this neutral
light, we determine whether “the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof.” Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000). A clearly wrong and unjust verdict occurs where the jury's finding
"shocks the conscience," or "clearly demonstrates bias." Santellan v. State, 939 S.W.2d
155, 164 (Tex. Crim. App. 1997). We are authorized to disagree with the fact-finder’s
verdict even if probative evidence exists which supports that verdict. Johnson, 23 S.W.3d
at 7; Santellan, 939 S.W.2d at 164.
II. Analysis.
          The following facts are not in dispute. Appellant and a friend went to the home of
the complainant and her sister early one morning while their parents were away. The
friend and the sister stayed on a sofa in the front portion of the house, and appellant and
the complainant went into the back bedroom. 
          The dispute arises as to what occurred in the bedroom. The complainant testified
that, despite her screams and protestations, appellant forced her to submit to sexual
intercourse. The complainant made outcry regarding the assault to her mother. A condom
was recovered from the scene that contained a mixture of semen and blood consistent with
that of appellant and the complainant.


 The DNA profile from this mixture fixed the odds
of someone other than appellant being the semen donor at one in 39,500. 
          Appellant offered two defensive theories. Appellant first contends that there was
no intercourse, only consensual kissing. This theory was supported by appellant’s
testimony. Second, appellant contends that, if there were intercourse, it was consensual. 
This latter theory was supported by the testimony of the complainant’s sister who was
called as a witness by appellant. The sister testified that whatever happened between the
complainant and appellant was consensual and voluntary, and that the complainant
showed no signs of distress after her encounter with appellant.
          In his first issue, appellant attacks the legal sufficiency of the evidence to support
his conviction. This case presents the classic swearing match. The complainant’s
testimony established the essential elements of the alleged offense. See Tex. Pen. Code
Ann. §22.011 (Vernon Supp. 2004). That testimony was corroborated by the complainant’s
mother and the DNA profile. When the record evidence is viewed in the light most
favorable to the verdict, we cannot say that the trial judge acted irrationally by finding the
essential elements of the offense beyond a reasonable doubt. Jackson, 443 U.S. at 320. 
Therefore, the first issue is overruled.
           In his second issue, appellant attacks the factual sufficiency of the evidence to
support his conviction. In this regard, we note that appellant’s testimony was impeached
by his prior felony conviction and the DNA evidence, which established the act of
intercourse. The sister’s testimony was also undermined when she admitted lying to the
peace officer investigating the alleged assault, and the elemental fact that she was not
present in the bedroom when the intercourse occurred.
          As the trier of facts, the trial judge was the exclusive judge of the facts proved, and
of the weight to be given to the testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon
1979). In that role, the trial judge was free to accept or reject any or all testimony. 
Alvarado v. State, 818 S.W.2d 100, 105 (Tex. App.–San Antonio 1991, no pet.). By
convicting appellant, the trial judge chose to accept the testimony of the complainant, and
rejected the testimony of appellant and the sister. 
          When the evidence in the instant case is reviewed in a neutral light, we hold the
verdict is not against the great weight and preponderance of the available evidence. 
Johnson, 23 S.W.3d at 11. The remaining question is whether the verdict was clearly
wrong and unjust. This occurs where the verdict "shocks the conscience," or "clearly
demonstrates bias." Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). For
the reasons stated above, we cannot say that a verdict based in part upon unimpeached
DNA evidence shocks the conscience of this Court. 
          We further note that there is nothing in the record to demonstrate bias on the part
of the trial judge. The record does not reflect any inappropriate conduct or comment by
the trial judge. Moreover, after hearing the evidence and the argument of counsel, the trial
court took the matter under consideration and did not return its verdict until the following
day. There is nothing to indicate that the verdict reflected anything other than the court’s 
belief that the State had carried its burden and proven the essential elements of the
alleged offense beyond a reasonable doubt. Therefore, if we disagreed with the verdict,
we would be doing nothing more than substituting our judgment for that of the trial judge.
This we will not do. Clewis, 922 S.W.2d at 133. Accordingly, the second issue is
overruled.
III. Modification.
          The judgment at issue recites that appellant is convicted of the “first” degree felony
offense of sexual assault, yet inconsistently further recites that the plea to the
enhancement paragraph is “not applicable.” See Tex. Pen. Code Ann. §12.42(b) (Vernon
Supp. 2004) (governing the enhancement of second degree felony); Tex. Pen. Code Ann.
§ 22.011 (Vernon Supp. 2004) (providing that sexual assault is a second degree felony). 
Appellant pleaded true to the enhancement allegation, evidence was offered substantiating
the conviction used for enhancement, and the trial court found the enhancement allegation
true. Therefore, we order that the judgment be modified to reflect that appellant’s sentence
was enhanced from a second degree felony to a first degree felony by a prior felony
conviction. See Asberry v. State, 813 S.W.2d 526, 529-30 (Tex. App.–Dallas 1991, pet.
ref’d). As modified, the judgment is affirmed.
 
                                                                                                                                 
                                                                                      CHARLES BAIRD,
                                                                                      Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 18th day of March, 2004.