NUMBER 13-07-00633-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

                                  CORPUS CHRISTI -
EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ERIC DESHON SORRELLS,                                              Appellant,

 

v.

 

THE STATE OF TEXAS,                                                      
Appellee.

 

 



On appeal from the 331st District
Court

of Travis County, Texas.

 

 



MEMORANDUM OPINION ON REMAND

 

Before Chief Justice Valdez and
Justices Rodriguez and Vela

Memorandum Opinion on Remand by Chief
Justice Valdez

 

This case is before us on
remand from the Texas Court of Criminal Appeals.  See Sorrells v. State,
No. PD-1802-09, 2011 Tex. Crim. App. LEXIS 874, at **1-2 (Tex. Crim. App. June
22, 2011).  A jury found appellant, Eric Deshon Sorrells, guilty of aggravated
robbery, a first-degree felony, and assessed punishment at twenty years’
imprisonment.  See Tex. Penal Code
Ann. § 29.03 (West 2003).  By four issues, Sorrells contends that the
evidence was legally and factually insufficient to support his conviction of
aggravated robbery; the trial court erred in denying his request for a jury
instruction for a lesser-included offense; and the trial court erred by denying
his motion to sever.

            On original submission, the majority held
that the evidence was legally insufficient to support Sorrells’s conviction for
aggravated robbery.  See Sorrells v. State, No. 13-07-00633-CR,
2009 Tex. App. LEXIS 8760, at *1-3 (Tex. App.—Corpus Christi November 12, 2009)
(mem. op., not designated for publication) rev’d, 2011 Tex. Crim. App.
LEXIS 874, at **1-2.  The majority then concluded that the evidence was
sufficient, however, to support a conviction of the lesser-included offense of
assault by threat and affirmed the judgment as reformed.  See id. at *1. 
The court of criminal appeals held that the evidence was legally sufficient to
support Sorrells’s conviction of aggravated robbery, reversed our judgment, and
remanded the case for an analysis of Sorrells’s remaining issues.[1]  We affirm.[2]

I.          Lesser-Included Offenses

            By his third issue, Sorrells generally
contends that the trial court erred in denying his “request for a jury
instruction for the lesser-included offense of assault.”  On appeal, Sorrells
does not cite which of the three assaultive offenses he requested that were
denied by the trial court.  However, citing generally to section 22.01 of the
penal code, Sorrells states in his brief that the elements of assault include
“intentionally causing bodily injury or offensive contact with another
person.”  See Tex. Penal Code Ann.
§ 22.01(a)(1), (3) (West Supp. 2010).  Therefore, we will limit our analysis to
those two offenses.

A.        Discussion

            “[T]he statutory definition of simple
assault sets out three distinct criminal offenses under Section
22.01(a)(1)-(3).  These [offenses] are ‘bodily injury’ assault, assault by
threat, and ‘offensive contact’ assault.”  Landrian v. State, 268 S.W.3d
532, 540 (Tex. Crim. App. 2008).  A trial court does not have a sua sponte duty
to instruct the jury on all potential lesser-included offenses.  Tolbert v.
State, 306 S.W.3d 776, 779 (Tex. Crim. App. 2010); Delgado v. State,
235 S.W.3d 244, 249 (Tex. Crim. App. 2007).  Defendants must make any
objections to the jury charge in writing or dictate them to the court reporter,
in the presence of the court and opposing counsel, in order to preserve the
error.  Tex. Code Crim. Proc. Ann.
art. 36.14 (West 2006).  Therefore, in order for the trial court to include a
jury instruction on assault causing bodily and assault by offensive contact,
Sorrells was required to request such an instruction.  See Tolbert,
306 S.W.3d at 779.  However, at trial, Sorrells only requested an instruction
on the lesser-included offense of assault by threat of imminent bodily injury. 
See Landrian, 268 S.W.3d at 540 (setting out that assault by treat is a
distinct offense).  Therefore, because the trial court was not required to sue
sponte include instructions on the unrequested lesser-included offenses of
assault causing bodily injury and offensive contact assault, and Sorrells did
not object to the omissions from the charge or request the omitted
instructions, the trial court did not err by not including jury charges on
those offenses.  See Tolbert, 306 S.W.3d at 779.

            Furthermore, because neither bodily
injury nor offensive contact is required to prove aggravated robbery, as
charged in this case, assault causing bodily injury and assault by offensive
contact are not lesser-included offenses of aggravated robbery.  

To prove the essential elements of aggravated
robbery in this case, the State had to show that [Sorrells] committed robbery
as defined in Section 29.02 of the Penal Code, and used or exhibited a deadly
weapon.  Under Section 29.02, the robbery in this case would be proved by
evidence that, in the course of committing theft as defined in Chapter 31 of
the Penal Code and with intent to obtain or maintain control of the property, [Sorrells]
intentionally or knowingly threatened or placed another in fear of imminent
bodily injury or death.  The phrase “in the course of committing theft” is
defined by Section 29.01 of the Penal Code to mean “conduct that occurs in an
attempt to commit, during the commission, or in immediate flight after the
attempt or commission of theft.”  A person commits theft under Chapter 31 if he
unlawfully appropriates property with intent to deprive the owner of the
property.

 

Sorrells, 2011 Tex. Crim. App. LEXIS 874, at
**8-9 (internal citations omitted).  Assault causing bodily injury requires the
State to prove that the defendant intentionally, knowingly, or recklessly
caused bodily injury to another person.  Tex.
Penal Code Ann. § 22.01(a)(1).   Assault by offensive contact requires a
showing that the defendant intentionally or knowingly caused physical contact
with another person when the defendant knew or should have reasonably believed
that the other person would have regarded the contact as offensive or
provocative.  See id. § 22.01(a)(3).  Aggravated robbery as charged in
this case required a showing that Sorrells intentionally or knowingly
threatened or placed another in fear of imminent bodily injury or death in the
course of committing theft.  See Sorrells, 2011 Tex. Crim. App. LEXIS
874, at **8-9; see also Tex.
Penal Code Ann. § 22.01(a)(2).

To be entitled to an
instruction in the jury charge of a lesser-included offense, the lesser offense
must be included within the proof necessary to establish the charged offense
and some evidence must exist in the record permitting a rational jury to find
that if the defendant is guilty, he is guilty only of the lesser offense.  Bignall
v. State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994) (en banc); Hall v.
State, 225 S.W.3d 524, 473 (Tex. Crim. App. 2007); see Tex. Code Crim. Proc. Ann. art.
37.09(1).  Because assault causing bodily injury requires proof of an
additional element—“bodily injury”—and aggravated robbery, as charged in this
case, does not, the elements of aggravated robbery (the greater offense) do not
prove assault causing bodily injury.  See Hall, 225 S.W.3d at 535-36
(providing that in our lesser-included offense analysis, the first step is to
compare the elements of the offense as they are alleged in the indictment or
information with the elements of the potential lesser-included offense).  Likewise,
because assault by offensive contact requires proof that the defendant caused
physical contact with the victim that the defendant knew or should have known
would be interpreted as offensive or provocative and aggravated robbery, as charged
in this case, does not, the elements of aggravated robbery do not prove assault
by offensive contact.  See id.  Therefore, Sorrells was not entitled to
an instruction on those offenses.  See McKithan v. State, 324 S.W.3d
582, 593 (Tex. Crim. App. 2010) (affirming lower court’s judgment concluding
that trial court did not err in refusing to include instruction on offenses
which were not as a matter of law lesser-included offenses of the greater
offense).

Although, at trial,
Sorrells requested a jury instruction for assault by threat, on appeal, he has
not argued that the trial court erred in denying this request.  See Tex. Penal Code Ann. § 22.01(a)(2). 
Furthermore, Sorrells does not argue on appeal that assault by threat is a
lesser-included offense of aggravated robbery or that there is some evidence in
the record that if he is guilty, he is guilty of only assault by threat.[3]  See Feldman
v. State, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002) (determining whether
the defendant is entitled to an instruction regarding a lesser-included offense
includes two steps:  (1) deciding “whether the offense is actually a
lesser-included offense of the offense charged”; and (2) requiring “that the
record contain some evidence that would permit a rational jury to find that the
defendant is guilty only of the lesser offense.  In other words, there must be
some evidence from which a rational jury could acquit the defendant of the
greater offense while convicting him of the lesser-included offense”).  Therefore,
Sorrells has waived this issue on appeal.  See Tex. R. App. P. 38.1(i).  We overrule Sorrells’s third issue.

II.         Severance

            By his fourth issue, Sorrells contends
that the trial court erred in denying his motion for severance.  Sorrells
argues that he was prejudiced by the trial court’s denial because his
codefendant:  (1) was a habitual felon; (2) was “a convicted child molester”;
and (3) had “a criminal background [that] was wide-ranging (sexual assault of a
child, fraud, robbery, weapons and drug convictions) and uncommonly
multitudinous ([five] convictions in all listed in the indictment).”

A.        Applicable Law and Standard of Review

            Pursuant to article 36.09:

In cases in which, upon timely motion to sever,
and evidence introduced thereon, it is made known to the court that there is a
previous admissible conviction against one defendant or that a joint trial
would be prejudicial to any defendant, the court shall order a severance as to the
defendant whose joint trial would prejudice the other defendant or defendants.

 

Tex. Code Crim. Proc.
art. 36.09 (West 2007).

As we interpret Article 36.09, supra, the
mandatory ground for severance that one defendant has “a previous admissible
conviction” against him is applicable only where one defendant has no prior
criminal record or at least no prior admissible conviction and the co-defendant
has a prior conviction or convictions which are admissible.  At either stage of
the bifurcated trial, if the defendants all have prior admissible convictions,
the ground for severance must be based on the fact that “a joint trial would be
prejudicial” as a result thereof, i.e., the nature of the prior convictions
against one defendant, the large number of such convictions admissible against
one defendant as compared to those admissible against the other defendant, etc.

 

Robinson v. State, 449 S.W.2d 239, 240-41
(Tex. Crim. App. 1969).

The decision to grant or
deny a severance is within the sound discretion of the trial court, unless a
joint trial would prejudice a co-defendant as a matter of law.  Smith v.
State, 998 S.W.2d 683, 686 (Tex. App.—Corpus Christi 1999, pet. ref’d)
(citing Garza v. State, 622 S.W.2d 85, 91 (Tex. Crim. App. 1980)).  An
appellant who challenges the denial of a motion for severance must satisfy the
heavy burden of showing clear prejudice.  King v. State, 17 S.W.3d 7, 16
(Tex. App.—Houston [14th Dist.] 2000, pet. ref’d); Silva v. State, 933
S.W.2d 715, 719 (Tex. App.—San Antonio 1996, no pet.).

B.        Analysis

            In this case, both Sorrells and his
codefendant had prior admissible convictions.  Therefore, the ground for
severance must have been based on the fact that a joint trial would have been
prejudicial to Sorrells.  Robinson, 449 S.W.2d at 240-41.  Although
Sorrells acknowledges that the mere allegation that prejudice will result is
not evidence of or sufficient showing of prejudice under article 36.09, he has
not pointed to any evidence in the record showing that he was prejudiced by the
joint trial.  See Mulder v. State, 707 S.W.2d 908, 915 (Tex. Crim. App.
1986).  Furthermore, upon our review of the record, Sorrells presented no
evidence to the trial court that a joint trial would prejudice him.  Therefore,
we cannot conclude that the trial court abused its discretion by denying
Sorrells’s motion for severance.

            Moreover, at trial, the State did not
offer Sorrells’s codefendant’s prior convictions into evidence at the
guilt/innocence stage or at the punishment stage of trial.[4]  The denial of a
severance is analyzed as non-constitutional error.  See Alvarado v. State,
818 S.W.2d 100, 105 (Tex. App.—San Antonio 1991, no pet.) (concluding that even
if it were error for the trial court to deny the appellant’s motion for
severance, the error was harmless); see also Salazar v. State, No. 13-06-00075-CR,
2008 Tex. App. LEXIS 2619, at * 16-19 (Tex. App.—Corpus Christi Apr. 10, 2008,
no pet.) (mem. op., not designated for publication) (stating that error in
denying a motion to sever is non-constitutional error).  Texas Rule of
Appellate Procedure 44.2(b) provides that a nonconstitutional error “that does
not affect substantial rights must be disregarded.”  Tex R. App. P. 44.2(b).  A defendant’s substantial rights are
not affected by the trial court’s erroneous action “if the appellate court,
after examining the record as a whole, has fair assurance that the error did
not influence the jury, or had but a slight effect.”  Motilla v. State,
78 S.W.3d 352, 355 (Tex. Crim. App. 2002); see Casey v. State, 215
S.W.3d 870, 885 (Tex. Crim. App. 2007).

So, even assuming,
without deciding, there was error, Sorrells must show on appeal that the error
influenced the jury or had more than a slight effect.  See Motilla,
78 S.W.3d at 355.  Because the State did not offer any evidence of Sorrells’s
codefendant’s prior convictions at trial, the error, if any, could not have
influenced the jury; thus, it was harmless.  See Alvarado, 818 S.W.2d at
105; see also Salazar, 2008 Tex. App. LEXIS 2619, at *16-19 (finding
that trial court’s alleged error of denying the appellant’s motion to sever was
harmless error because the State agreed not to introduce evidence of the
codefendant’s prior convictions at trial and the State fulfilled its agreement). 
We overrule Sorrells’s fourth issue.

III.        Conclusion

            We affirm the trial court’s judgment.

_________________

Rogelio Valdez

                                                                                                Chief
Justice

 

Do not publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the


25th day of August,
2011.

 









[1]
We note that the court of criminal appeals has overruled Clewis, which
allowed the appellate court to review the factual sufficiency of the evidence. 
See Brooks v. State, 323 S.W.3d 893, 902-03, 912 (Tex. Crim. App. 2010)
(plurality op.).  Therefore, the only standard of review that applies is the Jackson
v. Virginia legal sufficiency review.  Id.  Accordingly, we need not
address Sorrells’s contention that the evidence was factually insufficient to
support the verdict.  See id.; see also Wirth v. State, 327
S.W.3d 164, 165 (Tex. Crim. App. 2010) (remanding a case that the court of
appeals reversed for factual insufficiency before the court of criminal appeals
handed down Brooks and ordering that court to reconsider its decision in
light of Brooks).





[2]
This case is before this Court on transfer from the Third Court of Appeals in
Austin pursuant to an order issued by the Supreme Court of Texas.  See Tex. Gov’t Code Ann. § 73.001 (West
2005).





[3]
Sorrells does not mention assault by threat in his brief, and he only argues
that “in attempting to prove that [he] committed aggravated robbery, the State
brought evidence that [he] caused bodily injury and made an offensive contact
with one or more of the complaining witnesses.”  However, we have concluded
that assault causing bodily injury and offensive contact assault are not
lesser-included offenses of aggravated robbery as charged in the indictment in this
case.





[4]
Sorrells’s codefendant was acquitted of the charges against him.