

# NUMBER 13-07-00633-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**ERIC DESHON SORRELLS,**                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

### On appeal from the 331st District Court
### of Travis County, Texas.

## MEMORANDUM OPINION ON REMAND

### Before Chief Justice Valdez and Justices Rodriguez and Vela
### Memorandum Opinion on Remand by Chief Justice Valdez

This case is before us on remand from the Texas Court of Criminal Appeals. *See Sorrells v. State*, No. PD-1802-09, 2011 Tex. Crim. App. LEXIS 874, at **1-2 (Tex. Crim. App. June 22, 2011). A jury found appellant, Eric Deshon Sorrells, guilty of aggravated robbery, a first-degree felony, and assessed punishment at twenty years' imprisonment. *See* TEX. PENAL CODE ANN. § 29.03 (West 2003). By four issues,

Sorrells contends that the evidence was legally and factually insufficient to support his conviction of aggravated robbery; the trial court erred in denying his request for a jury instruction for a lesser-included offense; and the trial court erred by denying his motion to sever.

On original submission, the majority held that the evidence was legally insufficient to support Sorrells's conviction for aggravated robbery. *See Sorrells v. State*, No. 13-07-00633-CR, 2009 Tex. App. LEXIS 8760, at *1-3 (Tex. App.—Corpus Christi November 12, 2009) (mem. op., not designated for publication) *rev'd*, 2011 Tex. Crim. App. LEXIS 874, at **1-2. The majority then concluded that the evidence was sufficient, however, to support a conviction of the lesser-included offense of assault by threat and affirmed the judgment as reformed. *See id.* at *1. The court of criminal appeals held that the evidence was legally sufficient to support Sorrells's conviction of aggravated robbery, reversed our judgment, and remanded the case for an analysis of Sorrells's remaining issues.[1] We affirm.[2]

## I. LESSER-INCLUDED OFFENSES

By his third issue, Sorrells generally contends that the trial court erred in denying his "request for a jury instruction for the lesser-included offense of assault." On appeal, Sorrells does not cite which of the three assaultive offenses he requested that were

---

[1] We note that the court of criminal appeals has overruled *Clewis*, which allowed the appellate court to review the factual sufficiency of the evidence. *See Brooks v. State*, 323 S.W.3d 893, 902-03, 912 (Tex. Crim. App. 2010) (plurality op.). Therefore, the only standard of review that applies is the *Jackson v. Virginia* legal sufficiency review. *Id.* Accordingly, we need not address Sorrells's contention that the evidence was factually insufficient to support the verdict. *See id.*; *see also Wirth v. State*, 327 S.W.3d 164, 165 (Tex. Crim. App. 2010) (remanding a case that the court of appeals reversed for factual insufficiency before the court of criminal appeals handed down *Brooks* and ordering that court to reconsider its decision in light of *Brooks*).

[2] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

denied by the trial court. However, citing generally to section 22.01 of the penal code, Sorrells states in his brief that the elements of assault include "intentionally causing bodily injury or offensive contact with another person." *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (3) (West Supp. 2010). Therefore, we will limit our analysis to those two offenses.

## A.      Discussion

"[T]he statutory definition of simple assault sets out three distinct criminal offenses under Section 22.01(a)(1)-(3). These [offenses] are 'bodily injury' assault, assault by threat, and 'offensive contact' assault." *Landrian v. State*, 268 S.W.3d 532, 540 (Tex. Crim. App. 2008). A trial court does not have a sua sponte duty to instruct the jury on all potential lesser-included offenses. *Tolbert v. State*, 306 S.W.3d 776, 779 (Tex. Crim. App. 2010); *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007). Defendants must make any objections to the jury charge in writing or dictate them to the court reporter, in the presence of the court and opposing counsel, in order to preserve the error. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2006). Therefore, in order for the trial court to include a jury instruction on assault causing bodily and assault by offensive contact, Sorrells was required to request such an instruction. *See Tolbert*, 306 S.W.3d at 779. However, at trial, Sorrells only requested an instruction on the lesser-included offense of assault by threat of imminent bodily injury. *See Landrian*, 268 S.W.3d at 540 (setting out that assault by treat is a distinct offense). Therefore, because the trial court was not required to sue sponte include instructions on the unrequested lesser-included offenses of assault causing bodily injury and offensive contact assault, and Sorrells did not object to the omissions from the charge or request

3

the omitted instructions, the trial court did not err by not including jury charges on those offenses. *See Tolbert*, 306 S.W.3d at 779.

Furthermore, because neither bodily injury nor offensive contact is required to prove aggravated robbery, as charged in this case, assault causing bodily injury and assault by offensive contact are not lesser-included offenses of aggravated robbery.

> To prove the essential elements of aggravated robbery in this case, the State had to show that [Sorrells] committed robbery as defined in Section 29.02 of the Penal Code, and used or exhibited a deadly weapon. Under Section 29.02, the robbery in this case would be proved by evidence that, in the course of committing theft as defined in Chapter 31 of the Penal Code and with intent to obtain or maintain control of the property, [Sorrells] intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death. The phrase "in the course of committing theft" is defined by Section 29.01 of the Penal Code to mean "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." A person commits theft under Chapter 31 if he unlawfully appropriates property with intent to deprive the owner of the property.

*Sorrells*, 2011 Tex. Crim. App. LEXIS 874, at **8-9 (internal citations omitted). Assault causing bodily injury requires the State to prove that the defendant intentionally, knowingly, or recklessly caused bodily injury to another person. TEX. PENAL CODE ANN. § 22.01(a)(1). Assault by offensive contact requires a showing that the defendant intentionally or knowingly caused physical contact with another person when the defendant knew or should have reasonably believed that the other person would have regarded the contact as offensive or provocative. *See id.* § 22.01(a)(3). Aggravated robbery as charged in this case required a showing that Sorrells intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death in the course of committing theft. *See Sorrells*, 2011 Tex. Crim. App. LEXIS 874, at **8-9; *see also* TEX. PENAL CODE ANN. § 22.01(a)(2).

4

To be entitled to an instruction in the jury charge of a lesser-included offense, the lesser offense must be included within the proof necessary to establish the charged offense and some evidence must exist in the record permitting a rational jury to find that if the defendant is guilty, he is guilty only of the lesser offense. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994) (en banc); *Hall v. State*, 225 S.W.3d 524, 473 (Tex. Crim. App. 2007); *see* TEX. CODE CRIM. PROC. ANN. art. 37.09(1). Because assault causing bodily injury requires proof of an additional element—"bodily injury"—and aggravated robbery, as charged in this case, does not, the elements of aggravated robbery (the greater offense) do not prove assault causing bodily injury. *See Hall*, 225 S.W.3d at 535-36 (providing that in our lesser-included offense analysis, the first step is to compare the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense). Likewise, because assault by offensive contact requires proof that the defendant caused physical contact with the victim that the defendant knew or should have known would be interpreted as offensive or provocative and aggravated robbery, as charged in this case, does not, the elements of aggravated robbery do not prove assault by offensive contact. *See id.* Therefore, Sorrells was not entitled to an instruction on those offenses. *See McKithan v. State*, 324 S.W.3d 582, 593 (Tex. Crim. App. 2010) (affirming lower court's judgment concluding that trial court did not err in refusing to include instruction on offenses which were not as a matter of law lesser-included offenses of the greater offense).

Although, at trial, Sorrells requested a jury instruction for assault by threat, on appeal, he has not argued that the trial court erred in denying this request. *See* TEX.

5

PENAL CODE ANN. § 22.01(a)(2). Furthermore, Sorrells does not argue on appeal that assault by threat is a lesser-included offense of aggravated robbery or that there is some evidence in the record that if he is guilty, he is guilty of only assault by threat.[3] *See Feldman v. State*, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002) (determining whether the defendant is entitled to an instruction regarding a lesser-included offense includes two steps: (1) deciding "whether the offense is actually a lesser-included offense of the offense charged"; and (2) requiring "that the record contain some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense. In other words, there must be some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser-included offense"). Therefore, Sorrells has waived this issue on appeal. *See* TEX. R. APP. P. 38.1(i). We overrule Sorrells's third issue.

## II. SEVERANCE

By his fourth issue, Sorrells contends that the trial court erred in denying his motion for severance. Sorrells argues that he was prejudiced by the trial court's denial because his codefendant: (1) was a habitual felon; (2) was "a convicted child molester"; and (3) had "a criminal background [that] was wide-ranging (sexual assault of a child, fraud, robbery, weapons and drug convictions) and uncommonly multitudinous ([five] convictions in all listed in the indictment)."

### A. Applicable Law and Standard of Review

Pursuant to article 36.09:

---

[3] Sorrells does not mention assault by threat in his brief, and he only argues that "in attempting to prove that [he] committed aggravated robbery, the State brought evidence that [he] caused bodily injury and made an offensive contact with one or more of the complaining witnesses." However, we have concluded that assault causing bodily injury and offensive contact assault are not lesser-included offenses of aggravated robbery as charged in the indictment in this case.

6

In cases in which, upon timely motion to sever, and evidence introduced thereon, it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants.

TEX. CODE CRIM. PROC. art. 36.09 (West 2007).

As we interpret Article 36.09, supra, the mandatory ground for severance that one defendant has "a previous admissible conviction" against him is applicable only where one defendant has no prior criminal record or at least no prior admissible conviction and the co-defendant has a prior conviction or convictions which are admissible. At either stage of the bifurcated trial, if the defendants all have prior admissible convictions, the ground for severance must be based on the fact that "a joint trial would be prejudicial" as a result thereof, i.e., the nature of the prior convictions against one defendant, the large number of such convictions admissible against one defendant as compared to those admissible against the other defendant, etc.

*Robinson v. State*, 449 S.W.2d 239, 240-41 (Tex. Crim. App. 1969).

The decision to grant or deny a severance is within the sound discretion of the trial court, unless a joint trial would prejudice a co-defendant as a matter of law. *Smith v. State*, 998 S.W.2d 683, 686 (Tex. App.—Corpus Christi 1999, pet. ref'd) (citing *Garza v. State*, 622 S.W.2d 85, 91 (Tex. Crim. App. 1980)). An appellant who challenges the denial of a motion for severance must satisfy the heavy burden of showing clear prejudice. *King v. State*, 17 S.W.3d 7, 16 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); *Silva v. State*, 933 S.W.2d 715, 719 (Tex. App.—San Antonio 1996, no pet.).

## B.    Analysis

In this case, both Sorrells and his codefendant had prior admissible convictions. Therefore, the ground for severance must have been based on the fact that a joint trial would have been prejudicial to Sorrells. *Robinson*, 449 S.W.2d at 240-41. Although Sorrells acknowledges that the mere allegation that prejudice will result is not evidence

7

of or sufficient showing of prejudice under article 36.09, he has not pointed to any evidence in the record showing that he was prejudiced by the joint trial. *See Mulder v. State*, 707 S.W.2d 908, 915 (Tex. Crim. App. 1986). Furthermore, upon our review of the record, Sorrells presented no evidence to the trial court that a joint trial would prejudice him. Therefore, we cannot conclude that the trial court abused its discretion by denying Sorrells's motion for severance.

Moreover, at trial, the State did not offer Sorrells's codefendant's prior convictions into evidence at the guilt/innocence stage or at the punishment stage of trial.[4] The denial of a severance is analyzed as non-constitutional error. *See Alvarado v. State*, 818 S.W.2d 100, 105 (Tex. App.—San Antonio 1991, no pet.) (concluding that even if it were error for the trial court to deny the appellant's motion for severance, the error was harmless); *see also Salazar v. State*, No. 13-06-00075-CR, 2008 Tex. App. LEXIS 2619, at * 16-19 (Tex. App.—Corpus Christi Apr. 10, 2008, no pet.) (mem. op., not designated for publication) (stating that error in denying a motion to sever is non-constitutional error). Texas Rule of Appellate Procedure 44.2(b) provides that a nonconstitutional error "that does not affect substantial rights must be disregarded." TEX R. APP. P. 44.2(b). A defendant's substantial rights are not affected by the trial court's erroneous action "if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002); *see Casey v. State*, 215 S.W.3d 870, 885 (Tex. Crim. App. 2007).

---

[4] Sorrells's codefendant was acquitted of the charges against him.

So, even assuming, without deciding, there was error, Sorrells must show on appeal that the error influenced the jury or had more than a slight effect. *See Motilla*, 78 S.W.3d at 355. Because the State did not offer any evidence of Sorrells's codefendant's prior convictions at trial, the error, if any, could not have influenced the jury; thus, it was harmless. *See Alvarado*, 818 S.W.2d at 105; *see also Salazar*, 2008 Tex. App. LEXIS 2619, at *16-19 (finding that trial court's alleged error of denying the appellant's motion to sever was harmless error because the State agreed not to introduce evidence of the codefendant's prior convictions at trial and the State fulfilled its agreement). We overrule Sorrells's fourth issue.

### III.   CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
25th day of August, 2011.